## AMBLER v. EPPINGER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF FLORIDA.

No. 1383. Submitted December 1, 1890. — Decided December 22, 1890.

The provision in the act of March 3, 1887, 24 Stat. c. 373, § 1, pp. 552, 553, that no Circuit or District Court shall " have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action, in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made," does not apply to an action of trespass brought by an assignee of the claim, to recover damages for cutting down and removing timber from the land of the assignor.

THE case, as stated by the court, was as follows:

This case comes before the court on a writ of error, under the act of February 25, 1889, 25 Stat. c. 236, p. 693, to review the decision of the Circuit Court, upon the question of its jurisdiction. That act provides that, in all cases where a final judgment or decree shall be rendered in a Circuit Court of the United States, involving the question of its jurisdiction, the party against whom the judgment or decree is rendered shall be entitled to an appeal to the Supreme Court of the United States, or to a writ of error from it, to review such judgment or decree, without reference to its amount, except that, where that does not exceed the sum of five thousand dollars, the review shall be limited to the question of jurisdiction.

The plaintiff is a citizen of New York, and the action is brought by him in his own right, and as assignee of John K. Russell, against the defendants, who are citizens of Florida, to recover as damages six thousand dollars, the alleged value of three thousand trees and pine logs cut down by the defendants upon the lands of the plaintiff and the said Russell in the years 1885, 1886 and 1887, and carried away and converted to their use. The declaration, after setting forth the entry by

the defendants upon the lands of the plaintiff and Russell, the cutting down of the trees and their removal and conversion, alleges that afterwards, in November, 1887, Russell, for a valuable consideration, sold and assigned to the plaintiff all his right, title and interest in the pine trees and logs thus cut down, removed and converted, and in the claim and demand against the defendants, and that they refused to pay the plaintiff the value of the trees and timber, though payment was often demanded. The declaration contains four counts, but they all proceed for the same trespass and conversion, the facts being stated with some additional particulars in the different counts, not affecting the question presented.

To the declaration the defendants demurred on several grounds, all of which are embraced in this: — that it appeared by the declaration that the grievances complained of were on lands at the time jointly owned by the plaintiff and John K. Russell, and that the right of action was, therefore, not the subject of assignment.

The demurrer was overruled; the defendants thereupon pleaded, and issue was joined. They then moved the court to dismiss the action upon the alleged ground that it was shown by the declaration that it had no jurisdiction thereof. This motion was denied, and the plaintiff obtained a verdict for eleven hundred dollars. A motion to arrest the judgment on a similar ground was made and overruled. Judgment upon the verdict was thereupon entered, to review which the case is brought to this court.

*Mr. James Lowndes*, for plaintiffs in error, submitted on his brief.

*Mr. H. Bisbee*, for defendant in error, submitted on his brief.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The record is silent as to the citizenship of Russell, who assigned his interest to the plaintiff; and the defendants below,

the plaintiffs in error here, contend that the Circuit Court was therefore excluded by the act of March 3, 1887, from jurisdiction of the action, it not appearing that he could have prosecuted in the Circuit Court a suit upon the claim. That act, after declaring in its first section that certain suits shall not be brought in the Circuit or District Courts, adds: "Nor shall any Circuit or District Court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action, in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." 24 Stat. c. 373, pp. 552, 553.

This act, as appears on its face, does not embrace, within its exceptions to the jurisdiction of those courts, suits by an assignee upon claims like the demand in controversy. The exceptions, aside from suits on foreign bills of exchange, are limited to suits on promissory notes and other choses in action, where the demand sought to be enforced is represented by an instrument in writing, payable to bearer, and not made by a corporation, the words following the designation of choses in action indicating the manner in which they are to be shown. They must be such as arise upon contracts of the original parties, and not founded, like the one in controversy, upon a trespass to property.

The construction given by this court in *Deshler* v. *Dodge*, 16 How. 622, to the clause in the eleventh section of the Judiciary Act, which denied to any Circuit or District Court " cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange," is in harmony with the construction we give to the act of 1887. It was there held that the exception by that section of the jurisdiction of those courts of suits by an assignee did not extend to a suit on a chose in action to recover possession of a specific chattel or damages

for its wrongful caption or detention, although the assignee could not himself sue in that court. And in the subsequent case of *Bushnell* v. *Kennedy*, 9 Wall. 387, it was said that the exceptions to the jurisdiction applied only to rights of action founded·on contracts which contained within themselves some promise or duty to be performed, and not to mere naked rights of action founded on some wrongful act or some neglect of duty to which the law attaches damages. .

The judgment below being under five thousand dollars, no other question than that of jurisdiction can be reviewed by this court. The validity of the transfer of Russell's interest in the timber removed and converted to the defendants' use, and the effect of such transfer upon the amount of the plaintiff's recovery, are matters touching the merits of the action, and are not open· to consideration here.

*Judgment affirmed.*