### BOLLES v. LEHIGH VALLEY R. CO.

#### (Circuit Court, S. D. New York. February 9, 1904.)

1. JURISDICTION OF FEDERAL COURTS—SUIT BY ASSIGNEE—VENUE.

   The right to maintain a suit in the Circuit Court of the United States, where the original parties to the controversy were citizens of different states, is not lost by an assignment of the cause of action to one who is also a citizen of a different state from the defendant, although the effect of the assignment is to change the venue of the action to the district of the assignee's residence.

On motion to set aside summons and dismiss complaint on the ground that the court had no jurisdiction of the action.

Allan McCulloh, for the motion.
Julius F. Workum, opposed.

COXE, Circuit Judge. The plaintiff is a citizen of New York and a resident of the city of New York. The defendant is a Pennsylvania corporation. The Planters' Compress Company, plaintiff's assignor, is and was, at the time of the assignment of the cause of action, a citizen of West Virginia. Prior to the assignment the United States Circuit Court had jurisdiction of the controversy and an action could have been maintained either in the district of West Virginia or in any of the districts of Pennsylvania. It could not have been maintained in the Southern District of New York unless the defendant consented to be sued there.

The contention of the defendant is that although the action is between citizens of different states this court cannot retain it because the plaintiff is an assignee and therefore within the provision of section 1 of the act of August 13, 1888, c. 866, 25 Stat. 434 [U. S. Comp. St. 1901, p. 508], which is as follows:

"* * * Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover tne contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made. * * *"

---

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

See Courts, vol. 13, Cent. Dig. § 867.

Counsel agree that the precise point here presented has never been decided, so far as they are able to discover, in any reported case. The decision is therefore one of first impression, and little can be said, except that the court is convinced that this case is not within the mischief of the statute.

The purpose of Congress by this enactment, as well as those which preceded it, was to prevent a citizen of a state, having a cause of action against another citizen of the same state, from making a colorable transfer to a citizen of a different state in order to confer jurisdiction upon the federal courts. Their calendars were crowded with causes which should have been disposed of in the state courts, and frequently, because of different rules of law and evidence, the assignee was enabled to succeed where the assignor would have been defeated. These were the abuses which Congress had in view when the statute in question and similar preceding enactments were passed.

In City Water Co. v. Portage (C. C.) 102 Fed. 769, the court says:

"The purpose of the law was to prevent colorable assignments for the purpose of giving jurisdiction by payees or contractees who were citizens of the same state with the other contracting party. But this purpose does not hold when by the original contract the suit might be brought in the federal court."

See, also, Bank of U. S. v. Planters' Bank, 9 Wheat. 904, 6 L. Ed. 244; Davis v. Mills (C. C.) 99 Fed. 39; Chase v. Sheldon Rolling Mills (C. C.) 56 Fed. 625.

As before stated, this controversy was one of federal cognizance as it existed between the original parties. The statute could hardly have intended to deny jurisdiction simply because the venue is laid in a different district from the one which would have been selected had no assignment been made. The assignor and the defendant are citizens of different states; so are the assignee and defendant. The plaintiff, as such assignee, could sue the defendant in the United States Circuit Courts of Pennsylvania. This is conceded, but it is said that the plaintiff cannot sue in this district because his assignor could not do so. This contention loses sight of the fact that this court might have had jurisdiction of the suit between the original parties if the defendant had consented to be sued here.

The exemption from being sued elsewhere than in the district of the plaintiff or defendant is a personal privilege which the defendant may waive if he so desires; it in no way affects the general jurisdiction of the court. Int. Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401.

It is thought, therefore, that the right to maintain a suit in the United States Circuit Court, where the original parties to the controversy were citizens of different states, is not lost by assignment to one who is also a citizen of a different state from the defendant, although the effect of such assignment is to change the venue of the action.

The motion is denied.