## NOYES v. CRAWFORD.'

### SAME v. CRAWFORD et al.

(Circuit Court, N. D. Iowa, W. D. October 4, 1904.)

### Nos. 357, 358.

1. FEDERAL COURTS—JURISDICTION—ASSIGNED CLAIMS.

In an action by an assignee of a chose in action to recover the contents thereof, the jurisdiction of the federal Circuit Court depends on whether the action might have been brought by the assignor when it was commenced, if he had made no assignment thereof; and hence where there was a diversity of citizenship at that time between both the assignor and the assignee and defendants, it was immaterial that at the time of the assignment the defendants and the assignor were citizens of the same state.

2. SAME.

Where plaintiff alleged a cause of action for damages for a conspiracy charged to have been committed by defendants against plaintiff after he became the owner of a contract for the sale of real estate by assignment, the citizenship of plaintiff's assignor of the contract was immaterial to the jurisdiction of the federal Circuit Court, the cause of action alleged never having existed in his favor.

Submitted on Demurrer to the Petitions upon the Ground that the Court has no Jurisdiction of the Actions.

T. D. Higgs, F. F. Faville, and E. C. Herrick, for plaintiff.

Helsell & Shultz, Milchrist & Scott, and Jas. De Land, for defendants.

REED, District Judge. No. 357 is an action at law to recover damages for an alleged breach of contract to sell and convey real estate.

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

No. 358 is an action at law to recover damages for an alleged conspiracy on the part of defendants to defeat plaintiff's title to the contract and land described therein, which is the same contract sued upon in No. 357. A demurrer by plaintiff to the answers of defendants in each case was being argued at the last term of court, when it was discovered that the averments of the petition in No. 357 failed to show a cause of action within the jurisdiction of the court, in that it failed to show the citizenship of Wm. J. Clemons, to whom defendant Crawford made the contract declared upon by plaintiff, and who assigned the same to plaintiff. The petition in No. 358 also failed to show the citizenship of said Clemons. The plaintiff was thereupon permitted to amend the petitions in this respect, and he has done so by alleging "that at the time the actions were commenced the said Wm. J. Clemons was a citizen of the state of Missouri, and could have brought an action upon the contract sued upon if no assignment of the same had been made." To the petitions as so amended the defendants demur upon the ground that they fail to show when Clemons assigned the contract to plaintiff; the contention being that if he so assigned the same before he ceased to be a citizen of Iowa he had parted with all interest under the contract, and his subsequent removal from Iowa, and becoming a citizen of another state, would not vest a right in the plaintiff to sue upon the contracts in this court.

This identical question was decided in this circuit against the contention of the defendants in White v. Leahy, 3 Dill. 378, Fed. Cas. No. 17,551. In Emsheimer v. City of New Orleans, 186 U. S. 33, 22 Sup. Ct. 770, 46 L. Ed. 1042, the Supreme Court, upon consideration and review of the authorities, holds that the question of the jurisdiction of the Circuit Courts, in cases brought by the assignees of choses in actions to recover the contents thereof, depends upon whether or not the action might have been brought (at the time it was commenced) by the assignor if he had made no assignment of the same. If he could, then the assignee thereof, if a citizen of a state other than that of defendant, at the time the action is commenced, may sue thereon in the Circuit Court of the United States, though the assignment was made before the assignor ceased to be a citizen of the same state as the defendant, and White v. Leahy is cited with approval. These decisions are conclusive upon this court.

The case against Crawford and Sisson, No. 358, is an action for damages for a conspiracy or a tort alleged to have been committed by defendants against the plaintiff after he became the owner of the contract. The cause of action so alleged never existed in favor of Wm. J. Clemons, and the question of his citizenship, so far as such action is concerned, is not material. Ambler v. Eppinger, 137 U. S. 480, 11 Sup. Ct. 173, 34 L. Ed. 765.

It follows that the demurrer to the petition in each case must be overruled, and it is so ordered.