CHASE et al. v. BEECH CREEK R. CO. et al.

(Circuit Court, W. D. Pennsylvania. April 5, 1906.)

No. 23.

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—INTERVENER—REAL PARTY TO SUIT.

The lessee under a long term lease of a railroad assuming all the lessor's obligations is the real party to a suit to compel the lessor to grant switch connections in accordance with a stipulation in its grant of right of way, and is entitled to intervene; and being a citizen of another state is entitled to a removal to the federal court.

[Ed. Note.— For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 81.]

Sur Motion to Remand.

Murray & O'Laughlin, for complainants.

M. E. Olmsted, for respondents.

BUFFINGTON, District Judge.   This is an application to remand a bill in equity to the state court from which it was removed by the New York Central & Hudson River Railroad Company, a corporation of the state of New York.   The bill was brought by citizens of Pennsylvania against the Beech Creek Extension Railroad Company alone, a corporation of Pennsylvania, to compel the granting by it of switch connections. Examination of the bill shows there is no allegation therein that the respondent company is operating the road with which connection is desired or that any specific request was made upon it to grant such connection. It also shows that a right of way was granted by complainants to the Clearfield Southern Railroad Company, and in the deed conveying such right of way certain stipulations for switch connections were provided for.   That railroad was subsequently merged in the Beech Creek Extension Railroad Company, which latter company, it is alleged, assumed the obligations of the said Clearfield Southern Railroad Company, which is not made a party to the bill.   Subsequent to the bringing of the suit the New York Central & Hudson River Railroad Company filed a petition to intervene, alleging it had taken a long term lease of all of the property of the Beech Creek Extension Railroad Company, and of that of its constituent merging companies, had assumed all responsibility, obligations, and duties of said roads, and that it was the real and only party in interest.   We are of opinion that such is the case, and if the complainant is to have effective relief it must be awarded against the New York Central & Hudson River Railroad Company, which controls and operates the road with which connection is desired.

In a controversy of a substantially similar character we have held in the case of the Olanta Coal Mining Company v. Same Lessee (No. 33, November term, 1904) 144 Fed. 150, the lessee under the long term lease was the real, substantial party to the controversy.   Such being the case, we are of opinion that company should be formally allowed to intervene, and this being done, the jurisdiction of this court to decide the controversy between it and the complainant citizens of Pennsylvania is clear.

Accordingly the motion to remand is denied.