STIMSON v. UNITED WRAPPING MACH. CO. et al.

(Circuit Court, W. D. New York. September 19, 1907.)

No. 191.

1. COURTS—JURISDICTION OF FEDERAL COURTS—ACTION BY ASSIGNEE.

Where the assignor of a cause of action before the assignment could have prosecuted the action in a federal Circuit Court, the assignee, if the requisite diversity of citizenship exists, can prosecute the action in such court in the district of which he is a resident or in that of the defendant, and in the former case it is not required that the assignor should have also been a resident of the same district so that he might have brought suit therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 865–874.]

2. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

An action to recover the price of property sold, brought against the original purchasers and one to whom they assigned their contract, who assumed payment and to whom the property was delivered, presents a separable controversy as to the assignee, who may remove the same into a federal court, where the requisite jurisdictional facts appear, regardless of the citizenship of the other defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 94–99.

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

On Motion to Remand to State Court, and Motion by Defendant to Stay Action and to Enjoin Further Proceeding in State Court.

Herbert B. Lee, for plaintiff.

Alfred L. Becker and Duncan & Duncan, for defendant United Wrapping Machine Company.

HAZEL, District Judge. The Kidder Press Company, a West Virginia corporation, entered into a written contract with the defendants Wilson and Field and Egbert W. Gillette, by which it agreed to manufacture and sell, and the latter agreed to purchase, a printing press and attachments as specified in the agreement. Such agreement was later assigned by the said individuals to the United Wrapping Machine Company, an Illinois corporation, which assumed the payment of the purchase price of the press and the conditions imposed under the agreement. After delivering the printing press to the A. H. Pugh Company, as directed by the assignee of the contract, the Kidder Press Company assigned its claim for the purchase price of the press to the plaintiff, a citizen of the state of New York and resident of the Western district, who subsequently brought an action in the Supreme Court of the state of New York to recover the amount of such purchase price, to wit, $9,350. The defendant United Wrapping Machine Company, before answering, filed its petition and removed the action from the state court into this court on the ground of diversity of citizenship, and also moved the court to enjoin the further procedure of an action between the parties in the Municipal Court of Buffalo, which is claimed to involve the same subject-matter, and for other relief. The order of removal having been duly entered in the state court clerk's office, and the transcript of record filed in this court, the plaintiff, now appearing specially for the purpose of this motion only, moves to remand the case to the state court on the grounds that the action is not removable because this court would not have had original jurisdiction, plaintiff's assignor not being a resident of this district, and that the complaint does not disclose a separable controversy between the plaintiff and the removing defendant. The defendants Wilson and Field are citizens of Illinois, Brower is a citizen of New Jersey, and Lee is a citizen of the state of New York.

The objections which assail the jurisdiction of this court are not well taken. The federal Circuit Court, pursuant to sections 1 and 2, of Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, pp. 508, 509], has original jurisdiction of this controversy. The moving papers show that the plaintiff's assignor, because of diversity of citizenship, could have brought the action in the Circuit Court of the United States either in the district of its residence or in the district of the residence of the defendant. McCormick Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Southern Pacific Co. v. Burch (C. C. A.) 152 Fed. 168. The rule has been established that the right to sue in the Circuit Court of the United States is not lost by an assignment of the chose in action where the suit might have been begun by the assignor in a Circuit Court if the assignment had not been made and where the assignee is a citizen of a different state from that of the defendant. White v. Leahy, Fed. Cas. No. 17,-551; Bolles v. Lehigh Valley R. Co. (C. C.) 127 Fed. 884; Noyes v. Crawford (C. C.) 133 Fed. 796. See, also, Emsheimer v. New Orleans, 186 U. S. 33, 22 Sup. Ct. 770, 46 L. Ed. 1042. That the venue is in the Western district of New York, and not in the district of

which the assignor is a resident, is inconsequential. Upon this point Judge Coxe, in the Bolles Case, supra, speaking of the change of venue by the assignment, says:

"The statute could hardly have intended to deny jurisdiction simply because the venue is laid in a different district from the one which would have been selected had no assignment been made. The assignor and the defendant are citizens of different states, so are the assignee and defendant. The plaintiff, as such assignee, could sue the defendant in the United States Circuit Courts of Pennsylvania. This conceded, but it is said that the plaintiff cannot sue in this district because his assignor could not do so. This contention loses sight of the fact that this court might have had jurisdiction of the suit between the original parties if the defendant had consented to be sued here."

If the law were as contended by the plaintiff, namely, that the assignor must have been able to begin the action in this district in order to give the assignee such right, it would, of course, follow that the chose in action could only be assigned to a resident of the district of the assignor'to give the Circuit Court of the United States jurisdiction. Such interpretation of the removal statute is not warranted, and I think that if the assignor, before the assignment, could have prosecuted the action in the federal Circuit Court, the assignee, if the requisite diversity of citizenship exists, can prosecute the action in the district of which he is a resident or in that of the defendant. Ex parte Wisner, supra, does not alter the rule of law above stated. In that case no question of the assignment of the chose in action was involved. The defendant, a citizen of the state of Louisiana, removed to the Circuit Court of the United States an action brought against him in the state court of Missouri by a citizen of the state of Michigan, and the Supreme Court decided that this could not be done. The action was remanded on the ground that under the act of March 3, 1875, as amended, where neither of the parties to an action brought in a state court are citizens of the state in which such action is begun, there can be no removal by the defendant to the federal Circuit Court of that state, because such court would not have had jurisdiction in the first instance. The first ground for remand is therefore overruled.

Is this a separable controversy? I think it is, and this apparent from a perusal of the complaint. That one of the defendants is a citizen of New York, of which state the plaintiff is also a citizen, does not deprive the United Wrapping Machine Company from removing the action to this court if the complaint avers a separate and distinct controversy as to the removing defendant. Manufacturers' Commercial Co. v. Brown Alaska Co. (C. C.) 148 Fed. 310. The test, I think, is whether the controversy can be fully determined between the plaintiff and the defendant removing the cause without the presence of any of the other parties to the action. The claimed liability of the defendant United Wrapping Machine Company is set forth in a single cause of action and arises from its assumption of the contract of purchase made between the plaintiff and the individual defendants Wilson and Field and Gillette. That the plaintiff, in its endeavor to recover the purchase price of the press, elected to join in the action the assignors of the contract together with the defendants Brower and Lee, who are claimed to have an interest in the contract, the nature and extent of which is

not disclosed, and demands a joint recovery, is not of material importance in the absence of essential allegations disclosing a nonseparable suit. Whether such defendants are properly joined in this action need not be passed upon. The fact that the defendant Lee is a citizen of the same state as the plaintiff would, undoubtedly, preclude removal if such defendant were an indispensable party. The complaint indicates no sufficient reason for making him a party defendant, and therefore his citizenship must be disregarded. 18 Ency. of Pl. & Pr. 196. True, the assignors may still be liable for failure to perform the contract, but the action against the assignee is independent of such assignors and may be prosecuted without joining any of them. The contract for the purchase of the printing press was not joint in the sense that at its inception it was jointly binding upon all the defendants, and upon such a motion as this the subject-matter of the action is of paramount importance in considering the question of proper joinder and right to demand joint recovery. The liability of the United Wrapping Machine Company springs from the assignment and its assumption to fully perform the agreement and comply with the conditions imposed upon the assignors. See Manufacturers' Commercial Co. v. Brown Alaska Co., supra; Iowa Lillooet Gold Min. Co. v. Bliss (C. C.) 144 Fed. 446; Chase v. Beech Creek R. Co. (C. C.) 144 Fed. 571. In Mecke v. Valley Town Mineral Co. (C. C.) 89 Fed. 114, the headnote of the case substantially states that a suit against a debtor and one who had assumed his debts presents a divisible controversy with the latter. The motion to remand must therefore be denied.

· As to the motion by the defendant United Wrapping Machine Company for a stay of this action until the determination of a prior action pending in the court of common pleas of the county of Hamilton, state of Ohio, and also from proceeding with the action brought in the Municipal Court of Buffalo, it is sufficient to say, without deeming it necessary to pass upon the power of this court to restrain the action of the state court under sections 716 and 720 of the Revised Statutes [U. S. Comp. St. 1901, pp. 580, 581], that there is not shown such a multiplicity of suits as to warrant enjoining further proceedings in this action. The moving papers do not satisfy me that the subject-matter of the motion brought in the Municipal Court of Buffalo is involved herein. Plaintiff claims and has read affidavits tending to show that the action in the Municipal Court has a distinct object arising from different relations between the parties which arose subsequently to the making of the contract in suit. That the Municipal Court has jurisdiction of the subject-matter and also the parties is not denied. Under these circumstances, it is not for this court to enjoin its proceeding.

The motion is denied.