### FERGUSON v. CONSOLIDATED RUBBER TIRE CO.

(Circuit Court, S. D. New York. February 2, 1909.)

COURTS (§ 272*)—FEDERAL COURTS—PROPER TRIAL DISTRICT.

Where plaintiff's assignor was an alien, and defendant a citizen, so that the Circuit Court of the United States had jurisdiction of the controversy, and the suit might have been brought in the Southern district of New York if no assignment had been made, had defendant waived its right to object because it was an inhabitant of New Jersey, the controversy, after assignment to a citizen of New York, became one between citizens of different states, and the action was properly brought in the district where the assignee resided.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

On Motion to Set Aside Summons and Complaint.

Chas. Stewart Davison, for plaintiff.
Chas. W. Stapleton, for defendant.

NOYES, Circuit Judge. The plaintiff's assignor is an alien. The defendant is a citizen. The Circuit Court of the United States had jurisdiction of a controversy between them. The venue of the action would have been primarily the district of which the defendant was an inhabitant, the district of New Jersey; but, the jurisdiction existing in the Circuit Court, the venue provision might have been waived if the defendant had been sued by the alien here. Consequently I think it may be said that the suit might have been prosecuted in this court if no assignment had been made. Therefore, while the question is doubtful, I shall rule that the provision regarding taking cognizance of suits by assignees is inapplicable, and that the controversy after the assignment became one between citizens of different states, and that the action was properly brought in the district where the assignee resides. See Whitman v. Taubel, 168 Fed. 1023, and Vaile

---

v. Moffat, 168 Fed. 1023 (decided by this court January 27, 1909);
also, Stimson v. U. S. Wrapping Company (C. C.) 156 Fed. 298;
Bolles v. Lehigh Valley R. (C. C.) 127 Fed. 884.

The motion is denied.