ROBINSON v. MUTUAL RESERVE LIFE INS. CO.   SCOVILL v. SAME.
RUSSELL et al. v. POOR et al.

(Circuit Court of Appeals, Second Circuit.   January 29, 1912.)

No. 15.

EQUITY (§ 46*)—JURISDICTION—MONEY EMBEZZLED—RECOVERY.

A bill alleged that during 1898 defendant, in fraud of an insurance association of which he was a director, confederating and conspiring with the president thereof, obtained various sums of money belonging to the association, amounting in all to $6,500, under the pretense that the moneys were a salary, that the moneys were received without consideration, and that about two months after the defendant's name was entered on the pay rolls of the association, and while he continued to receive a salary, the president of the association requested defendant to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

give him $6,000, which he did pursuant to a scheme and conspiracy on their part to defraud the association, and defendant, by receiving the moneys and wasting the association's assets, became and is liable to account therefor, etc. *Held*, that such bill stated a mere cause of action to recover $6,500 for money unlawfully taken by defendant from the association; the other allegations being surplusage, and therefore did not state a cause of action cognizable in equity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 159–163; Dec. Dig. § 46.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suits by James C. Robinson against the Mutual Reserve Life Insurance Company and Reuben O. Scovill against the same defendant, and by William Hepburn Russell and another, as receivers, against Ruel W. Poor and another, as executors of the will of Horace H. Brockway, deceased. From a decree overruling a demurrer to the bill and granting judgment in favor of complainant for $11,067.-33, the executors of Brockway appeal. Reversed, and demurrer sustained.

On appeal by the executors of Horace Brockway, deceased, from a decree entered against him September 26, 1910, overruling a demurrer interposed by Brockway and granting judgment against him in the sum of $11,067.33. The demurrer was interposed upon the ground that the bill did not state a cause of action against Brockway within the equitable cognizance of the court, and that the complainants had a full, adequate, and complete remedy at law. The demurrer was overruled upon the ground that the bill charged fraud against Brockway, as trustee, and that it was, therefore, a case within the jurisdiction of a court of equity. Paragraph 6 of the bill contains a statement of the alleged cause of action against Brockway, as follows:

"Your orators further aver, upon information and belief, that during the year 1898, the defendant, in fraud of said Association, confederating and conspiring with one Frederick A. Burnham, then president of said association, obtained various amounts of money belonging to said association, amounting in all to $6,500, under the pretense that said moneys were a salary; that said moneys were received without consideration, no service being rendered therefor by the defendant to said association, and it not being intended when the arrangement was made by which he was to receive such moneys that any such service should be rendered; that about two months after the name of the defendant was entered on the payrolls of said association, and while the defendant continued to receive such salary, one Frederick A. Burnham, then a director and the president of said Association, requested the defendant to give said Burnham the sum of $6,000, and that the defendant complied with said demand; that said demand and said payment were in pursuance of the scheme and conspiracy on the part of the defendant and Burnham to defraud the association; that the defendant by receiving said moneys and wasting the assets of said association, became and is liable to account therefor, and that no account therefor has ever been rendered to said association or company by the defendant."

Howard Mansfield and Edward W. Walker, for appellants.

Wm. Beverly Winslow (Charles E. Rushmore and Wm. H. Russell, of counsel), for appellees.

Before LACOMBE and COXE, Circuit Judges, and HOLT, District Judge.

COXE, Circuit Judge. The cause of action against the defendant Brockway, stripped of all irrelevant matter is as follows:

That he was a director of the Mutual Reserve Fund Association from January, 1896, until January, 1907. That in the year 1898 he obtained, in fraud of the association, various amounts of money belonging to it, amounting in all to $6,500, under pretense that said moneys were due him as salary. That said moneys were received without consideration, no service being rendered therefor and it being intended that no service should be rendered therefor by the defendant. That the said defendant, by receiving and so wasting the said money of the association, became liable for the amount so taken by him.

That these allegations state a good cause of action at law against Brockway we have no doubt; all the rest is surplusage.

Upon proving the case thus stated, the plaintiffs would have been entitled to a judgment for the full amount taken from the association. That the money was subsequently handed over to Burnham and that it was taken pursuant to a scheme to defraud entered into by the two men, is, in our judgment, wholly irrelevant. A thief who has stolen the money of his employer can hardly plead as a defense that he handed it over to some one else. Suppose the action had been at law; what defense could the defendant plead? That he took the money pursuant to a conspiracy with Burnham to rob the company? Surely not! Such a defense would have been stricken out as irrelevant and frivolous. Could he allege that two months afterwards he handed the money over to Burnham? Such a defense would not avail for a moment.

Burnham might have been sued, it is true, but he is not a defendant in this action. The allegations of the bill relating to Burnham could not be used as a defense, do not strengthen the case against Brockway, and are not germane in any way to the cause of action against him.

In effect, the receivers say to Brockway, "You unlawfully took from the association $6,500 which belonged to it and to which you had, and have, no right or title. We demand that you pay it back." No amount of ingenuity or sophistry can convert such an action into an action in equity.

The decree should be reversed and the demurrer should be sustained with costs.