### BROWN et al. v. FLETCHER.

(Circuit Court of Appeals, Second Circuit. June 27, 1913.)

No. 227.

1. EQUITY (§ 46*)—JURISDICTION—ADEQUATE REMEDY AT LAW.

Under Rev. St. § 723 (U. S. Comp. St. 1901, p. 583), providing that suits in equity shall not be sustained in the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law, a bill cannot be maintained in a federal court to recover payment of a sum of money concededly in defendant's hands, which complainants allege has been assigned to them, without any allegation of a ground of equitable jurisdiction or prayer for equitable relief.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159-160; Dec. Dig. § 46.*]

2. JURY (§ 14*)—RIGHT TO JURY TRIAL.

Const. U. S. Amend. 7, provides that in suits at common law, where the value in controversy exceeds $20, the right of trial by jury shall be preserved, etc., and Rev. St. § 648 (U. S. Comp. St. 1901, p. 525), declares that the trial of issues of fact in Circuit Courts shall be by jury.

except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy and by the succeeding section. *Held* that, where complainant sued as assignee to recover an interest of a beneficiary under a testamentary trust from the trustees, defendant was entitled to a trial by jury unless waived.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 40–60, 66–83; Dec. Dig. § 14.*]

3. APPEAL AND ERROR (§ 184*)—JURISDICTION—EQUITY.

Where want of jurisdiction in equity appears on the face of the bill, it may be considered on appeal on the court's own motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1150, 1179–1183; Dec. Dig. § 184.*]

4. APPEARANCE (§ 9*)—GENERAL APPEARANCE—SURROGATE'S COURT—PETITION FOR REMOVAL.

Where, after suit by certain assignees to recover the proceeds of the beneficiary's interest in a trust estate, the trustee instituted proceedings in the Surrogate's Court to settle his accounts, complainants' application to remove the proceeding to the federal court did not constitute a general appearance by complainants before the surrogate.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

5. EQUITY (§ 94*)—NECESSARY PARTIES—TESTAMENTARY TRUST—BENEFICIARY'S INTEREST—ASSIGNMENT—ACTION BY ASSIGNEE—PARTIES.

In a suit by an assignee of a beneficiary of an interest in a testamentary trust to recover the amount of such interest from the trustee, the beneficiary is a necessary party.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 246, 252; Dec. Dig. § 94.*]

6. COURTS (§ 312*)—FEDERAL COURTS—JURISDICTION—CITIZENSHIP—ASSIGNEES.

Where complainants, citizens of Pennsylvania, filed a bill against defendant, a citizen of New York, to recover an interest in a trust estate assigned to complainants by assignors not alleged to be citizens of states other than New York, federal jurisdiction on the ground of diversity of citizenship did not appear, under the rule that an assignee cannot maintain an action in a federal District Court, where his assignors could not have done so, as provided by Act March 3, 1875, c. 137, § 1, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508).

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

7. REMOVAL OF CAUSES (§ 107*)—REMAND—PROCEDURE.

Where a suit in a federal court is remanded to a state court, the better practice is to enter an order of remand, with the proceedings in the case taken in the federal court annexed thereto, leaving to the state court the determination of further proceedings with reference to the pleadings filed and steps taken during the pendency of the suit in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

Appeal from the District Court of the United States for the Southern District of New York.

Bill by John A. Brown and another against Austin B. Fletcher, as trustee of the testamentary estate of Conrad Braker, Jr. From a decree dismissing the bill (203 Fed. 70), complainants appeal. Modified and affirmed.

Fredric W. Frost, of New York City (Charles H. Burr, of Philadelphia, Pa., of counsel), for appellants.

W. P. S. Melvin, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The complainants, citizens of Pennsylvania, filed this bill against the defendant, a citizen of New York, who had been appointed by the Surrogate's Court for the county of New York to succeed the trustee appointed in the will of Conrad Braker, Jr., deceased. It alleges that by virtue of an assignment from Conrad M. Braker and various mesne assignments the complainants are entitled to receive the sum of $10,000 in the hands of the defendant, as testamentary trustee, which he neglects and refuses to pay. The prayer for relief is that the defendant may be decreed to pay the said sum over to the complainants.

The defendant admits that he has received from the estate of Conrad Braker, Jr., deceased, and now has, the sum of $10,000 in trust to pay the same over to Conrad M. Braker, the decedent's son. He demurred to the bill upon the ground, among others, that the complainant had a full, adequate, and complete remedy at law. Judge Hand overruled the demurrer.

[1] The defendant, having raised this question of jurisdiction in limine, and it having been decided against him, properly answered on the merits, without waiving it. We think the objection good. Section 723 of the U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 583) provides:

"723. Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

[2] The complainants ask for the payment of a sum of money concededly in the defendant's hands, which they allege has been duly assigned to them. There is no ground whatever of equitable jurisdiction stated in the bill, nor any equitable relief prayed for. The right asserted is completely cognizable and enforceable at law and the defendant has a right to a trial by jury.

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." Seventh amendment to the Constitution of the United States.

"Sec. 648. The trial of issues of fact in the Circuit Courts shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, and by the next section." U. S. Comp. St. 1901, p. 525.

[3] The defendant might have waived this right by not taking the objection; but, even if he had done so, the want of jurisdiction being plain on the face of the bill, an appellate court has the right to take it sua sponte. Lewis v. Cocks, 23 Wall. 466, 470, 23 L. Ed. 70; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451; Indian Land & Trust Co. v. Shoenfelt, 135 Fed. 484, 68 C. C. A. 196; Robinson v. Mutual Reserve Life Ins. Co., 193 Fed. 399, 113 C. C. A. 395.

[4] Judge Holt, however, who decided the case at final hearing, treated all questions raised on the demurrer as closed to inquiry before him and disposed of the case upon a defense set up in the answer as follows: After this suit had been instituted the defendant began proceedings to settle his account as testamentary trustee in the Surrogate's Court for the county of New York, making the claimants parties and serving them extraterritorially. Thereupon the complainants removed the proceeding from the Surrogate's Court into the District Court. Subsequently the proceeding was remanded by order of Judge Lacombe. Thereupon the defendant took a decree in the Surrogate's Court against the complainants for want of an appearance and directing the defendant to pay the fund to Conrad M. Braker. Judge Holt dismissed the bill on the ground that this decree was res adjudicata: First, because the petition filed for removal constituted a general appearance of the complainants in the Surrogate's Court and they were therefore parties to the proceeding and bound by the decree; second, because the decree in the Surrogate's Court was in a proceeding in rem and the complainants were bound by it, having been dully cited, although served extraterritorially. The removal of the case did not constitute a general appearance of the complainants in the Surrogate's Court. Wabash Western Ry. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. As to the second ground, we need not inquire whether, under Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, Waterman v. Bank, 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80, and McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, the District Court, if it had jurisdiction of the cause, was not authorized to determine the rights of the parties, although not authorized to interfere with the possession of the Surrogate's Court, because the bill will be dismissed without prejudice for reasons now to be considered.

[5] Treating the action as one in equity, we think the objection that Conrad M. Braker ought to have been made a party was good. He was within the jurisdiction of the court, and a decree in favor of the complainants would have affected his interests most injuriously. Therefore the bill should have been dismissed, because he was not brought in as a party. Waterman v. Bank, 215 U. S. 33, 48, 30 Sup. Ct. 10, 54 L. Ed. 80.

[6] Moreover, we think the Circuit Court had no jurisdiction on the ground of citizenship, because at least two of the assignors under whom the complainants claim, viz., Conrad M. Braker and the New York Finance Company, were citizens of the state of New York, or at least were not stated to be citizens of any other state, as the complainants were bound to do. The complainants are not asserting a lien in their own right upon Braker's interest in the decedent's estate, as was the case in Ingersoll v. Coram, 211 U. S. 336,[1] but are asserting Braker's title to the sum of $10,000 to which they say they have succeeded. This is clearly a chose in action; that is, a claim not in possession, but which must be enforced by an action against the trustee. Sheldon v. Sill, 49 U. S. (8 How.) 441, 12 L. Ed. 1147. As their assignors could not maintain an action in the District Court,

---

[1] 29 Sup. Ct. 92, 53 L. Ed. 208.

the complainants cannot. Act March 3, 1875, c. 137, § 1, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508).

[7] The complainants contend that their general appearance in the District Court after removal of the proceedings from the Surrogate's Court and their answer filed became a part of the case and should have been returned to the Surrogate's Court when the proceeding was remanded. At all events, they complain that these facts should have been called to the attention of that court. It is quite probable, if they had been, no judgment for want of an appearance would have been entered against them. But their relief must be in that court, or by appeal from it. The practice in this district upon remanding cases has been simply to enter an order to that effect, without returning proceedings in the case taken in the District Court to the state court. While what the District Court might do in a removed case subsequently remanded would be invalid, as without jurisdiction, it might well be otherwise as to what the parties themselves did. In the case of Ayres v. Wiswall, 112 U. S. 187, at page 190, 5 Sup. Ct. 90, at page 92 (28 L. Ed. 693), an answer had been filed in the Circuit Court and the case was subsequently remanded. Chief Justice Waite said:

"The fact that Ebenezer R. Ayres had filed his answer in the United States court is a matter of no importance. That fact did not of itself confer jurisdiction if there had been none before. It will be for the state court, when the case gets back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction."

This language seems to show that the Chief Justice contemplated that proceedings taken in the case in the Circuit Court should be remanded to the state court, and this was the construction of the language taken in Broadway Ins. Co. v. Chicago (C. C.) 101 Fed. 507, 510. We incline to regard it as the proper practice.

The decree is modified, by directing the court below to dismiss the bill, but not upon the merits.