CINCINNATI, H. & D. RY. CO. v. ORR et al.

ORR v. CINCINNATI, H. & D. RY. CO.

(District Court, E. D. New York. July 3, 1914.)

1. COURTS (§ 312*)—FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [U. S. Comp. St. Supp. 1911, p. 135]) § 24, providing that the District Courts of the United States shall have original jurisdiction of civil suits arising between citizens of different states, etc., no action can be brought in the federal court by an assignee on the ground of diversity of citizenship, unless the assignor could have maintained an action in the particular United States court in which the action is instituted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*]

2. COURTS (§ 276*)—FEDERAL COURTS—JURISDICTION—SUIT BY ASSIGNOR.

Where an assignor begins an action in a federal court in a district in which he does not reside and defendant appears, or if the assignor brings his action in a state court in a federal district in which he does not reside and the case is removed by the defendant to the federal court in that district, that court has jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*]

3. REMOVAL OF CAUSES (§ 12*) — RESTRICTIONS AS TO DISTRICT — FEDERAL COURTS—JURISDICTION.

Where suit is brought by an assignee on an assigned claim in a state court of the federal district of his residence and defendant appears and removes the case to the federal court of that district which is the only district to which it could be removed as provided by Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]) § 29, the court has jurisdiction though the assignor did not reside in such district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

In Equity. Suit by the Cincinnati, Hamilton & Dayton Railway Company against Charles A. Orr and another, and action at law by Charles A. Orr against the Railway Company, removed from the state court. On motion to remand the latter action, and motion for temporary injunction in the former suit. Motion to remand denied, and motion for injunction granted.

Cravath & Henderson, of New York City (Stuart McNamara, of New York City, of counsel), for Cincinnati, H. & D. Ry. Co.

Tipple & Plitt, of New York City (Arthur W. Clement, of New York City, of counsel), for Charles A. Orr and Orton G. Orr.

CHATFIELD, District Judge. The plaintiff Orr is a resident of Kings county in this district. The defendant Cincinnati, Hamilton & Dayton Railway Company is a resident and citizen of Ohio. Action was brought upon a claim assigned to the plaintiff Orr by his brother, who is a resident and citizen of New York county, in the Southern district of New York. An equity action has been commenced in this

court, and a temporary injunction against further proceedings in the state court action is asked. At the same time an application to remand the first action has been presented. An application to remove the action was made to the Supreme Court of Queens County, and was denied in a decision filed May 27, 1914, citing the cases of In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873, Odhner v. Northern Pac. Ry. Co. (C. C.) 188 Fed. 507, and In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, to show that an action can be removed to the particular United States District Court only which would have original jurisdiction over that action, and citing section 24 of the Judicial Code, Waterman v. Chesapeake & Ohio R. R. Co. (D. C.) 199 Fed. 667, Brown v. Fletcher, 206 Fed. 461, 124 C. C. A. 367, Con. Rub. Co. v. Ferguson, 183 Fed. 756, 106 C. C. A. 330, and North American Trans. Co. v. Morrison, 178 U. S. 263, 20 Sup. Ct. 869, 44 L. Ed. 1061, as authority for the proposition that the residence of the assignor is controlling upon the question of residence, for the purpose of jurisdiction, where suit is brought on an assigned claim.

[1, 2] This provision of the Code and these decisions make it apparent that no action can be brought in the United States court by an assignee, on the ground of diversity of citizenship, unless the assignor could have maintained the action in that United States court. But if the assignor began an action in the United States court in this district, and the defendant appeared, or if the assignor brought his action in the state court in this district and removal was had by the defendant to this court, the question of maintaining suit only in the district of residence of the plaintiff or defendant could have been waived. In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; In re Winn, supra; and Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392.

[3] Hence we cannot say that the court is ousted of jurisdiction by the mere assignment and the bringing of this action by the assignee in a court of the district of his residence. Any objection by the defendant has certainly been waived, and this district is the district to which removal must be had under section 29, which requires removal to the court of the district in which the court where the suit is instituted is situated. Waterman v. Chesapeake & Ohio R. R. Co., supra, seems to support the contrary view; but the assignor was not a citizen of the state where the suit was brought, and the Wisner Case was therefore of greater force.

The cases of North American Trans. Co. v. Morrison, supra, and Brown v. Fletcher, supra, were disposed of upon defects in pleading or because the assignors were residents of the same district as the defendant.

The case of Con. Rub. Co. v. Ferguson, supra, was based upon objection by the defendant and the "proper" district for removal could not be a district in another state, as suggested in the cases of Mattison v. Boston & M. R. R. (D. C.) 205 Fed. 821, or Stewart v. Cybur Lumber Co. (D. C.) 211 Fed. 343.

The case of Stimson v. United Wrapping Mach. Co. (C. C.) 156 Fed. 298, was decided before the passage of the Judicial Code; but

this case seems to be exactly like the case at bar and to be a correct application of the principles involved.

The purpose of allowing removal is directly involved in the present action. The fact that both the assignor and assignee are citizens of the state of New York, and could bring action in any court in the state, makes it apparent that a change of district by assignment, for the purpose of preventing removal, should not be allowed as the basis for a forced application of the doctrine of In re Wisner, supra, under the clause allowing suit by an assignee only when the assignor might sue in the same jurisdiction. Where the defendant has waived the question of being sued in the district, the assignor could certainly maintain his action, and that is the situation we have in this case.

The motion to remand must be denied, and the motion for injunction granted.