## MASSEY–HARRIS HARVESTER CO., Inc., v. FREEZE.

Circuit Court of Appeals, Tenth Circuit. December 31, 1929.

No. 75.

Cotteral, Circuit Judge, dissenting.

236

Samuel Feller, of Kansas City, Mo., for appellant.

John B. Pew, of Kansas City, Mo., for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge. This action was brought by appellant as assignee. A demurrer thereto was sustained and counsel for appellee argue that the trial court was not in error because (1) the claim assigned and sued on was a tort and tortious claims are not assignable in Kansas, where the assignment was made; (2) if the action was not ex delicto it was on a chose in action, and the assignor and defendant being both citizens and residents of Kansas the Federal court was without jurisdiction under the terms of section 41 of title 28, U. S. Code (28 USCA § 41):

"No District Court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

The third count of the complaint, here involved, states in substance that one Blaser, who assigned the claim sued on to plaintiff, was the owner of 200 acres of wheat, that by arrangement between Blaser and defendant, Blaser harvested and marketed the wheat, and the money received therefor, $5,119.46, was turned over to Freeze under agreement that Freeze should distribute and pay over said sum to Blaser's creditors, retaining for his services $150, that Freeze distributed and paid out only $1,583.77, including $150 to himself, and has retained the remainder thereof, $3,535.69, and has converted said last-named sum to his own use and benefit, and thus has fraudulently failed to make distribution as he agreed to do; that for value Blaser "sold, assigned, transferred, and delivered to this plaintiff all of his rights, claims, demands and cause of action which he had against the defendant growing out of said transaction and this plaintiff is now the owner thereof and was at and before the filing of this suit." The Kansas rule as to assignability of claims is stated in Hewey v. Fouts, 91 Kan. 680, 139 P. 407, 408.

"There is a conflict of authority as to whether a cause of action is assignable which is founded upon a tort, where the estate of the tort-feasor has not been benefited. 5 Enc. L. & P. 889. In this state it has been held that only the original claimant can sue upon such a demand. K. M. Ry. Co. v. Brehm, 54 Kan. 751, 39 P. 690. That decision was based upon the language of the Code to the effect that the provision that an action must be prosecuted in the name of the real party in interest shall not be deemed to authorize the assignment of a thing in action not arising out of contract. This language remains unchanged (Civ. Code, § 25 [Gen. St. 1909, § 5618]), and the interpretation already placed upon it must be regarded as controlling. Davis could, however, make a valid assignment of his right to reclaim the money the defendants had wrongfully obtained from him, because he was privileged to regard them as having agreed to restore it to him. 'Whenever one person commits a wrong or tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting to such wrongdoer.' Fanson v. Linsley, 20 Kan. 235, syl. par. 2. Therefore Hewey could maintain an action upon the claim that originally accrued in favor of Davis, to the extent of recovering whatever Fouts profited by the transaction, but no further."

That court again considered the question in Flick v. Murdock, 115 Kan. 862, 225 P. 119, 120, and held:

"Modern authorities make the distinction between the sale of an interest to which a right to sue is incident and the sale of a mere right to sue. The former is good; the latter is not."

Authorities on the point are there reviewed, including Traer v. Clews, 115 U. S. 528, 6 S. Ct. 155, 159, 29 L. Ed. 467. In that case the language of the assignment was this:

"I hereby sell, assign, transfer, and set over unto the said Henry Clews any and all claims and demands of every name, nature, and description that I may now have or be entitled to on account of the fifty shares of the capital stock in the Cedar Rapids & Northwestern Construction Company, which was subscribed for said Henry Clews."

It was there contended that this was not a sale of a right of property in the stock of the construction company, and of the dividends, but merely the transfer of a right to sue Traer and his wife for fraud, and was, therefore, void. The contention was rejected.

It was held that the language of the assignment conveyed the dividends, which had been declared, and an interest in the property of the company in proportion to the fifty shares of stock, and did not transfer a mere right to sue Traer. After noting the rule that the assignment of a mere right to file a bill in equity for fraud committed upon the assignor will be void as contrary to public policy and savoring of maintenance, it was said:

"But when property is conveyed, the fact that the grantee may be compelled to bring a suit to enforce his right to the property does not render the conveyance void."

Dickinson v. Burrell, L. R. 1 Eq. 337, was cited and quoted, wherein it was held:

"The distinction is this: If James Dickinson had sold or conveyed the right to sue to set aside the indenture of December, 1860, without conveying the property, or his interest in the property, which is the subject of that indenture, that would not have enabled the grantee, A. B., to maintain this bill; but if A. B. had bought the whole of the interest of James Dickinson in the property, then it would. The right of suit is a right incidental to the property conveyed."

See also Erwin v. United States, 97 U. S. 392, 24. L. Ed. 1065. The assignment to plaintiff was more than Blaser's cause of action. It transferred to plaintiff for value all of Blaser's rights and claims to the $3,535.69.

In considering the section of the Code quoted supra, in Ambler v. Eppinger, 137 U. S. 480, 11 S. Ct. 173, 174, 34 L. Ed. 765, the court, in referring to Deshler v. Dodge, 16 How. 622, 14 L. Ed. 1084, in which the section was again under consideration, said of that case:

"It was there held that the exception by that section of the jurisdiction of those courts [circuit and district] of suits by an assignee did not extend to a suit on a chose of action to recover possession of a specific chattel or damages for its wrongful caption or detention, although the assignee [assignor] could not himself sue in that court. And in the subsequent case of Bushnell v. Kennedy, 9 Wall. 387 [19 L. Ed. 736], it was said that the exceptions to the jurisdiction applied only to rights of action founded on contracts which contained within themselves some promise or duty to be performed, and not to mere naked rights of action founded on some wrongful act or some neglect of duty to which the law attaches damages."

The same principle was again announced in Brown v. Fletcher, 235 U. S. 589, 35 S. Ct. 154, 59 L. Ed. 374. There was no contractual relation in fact between Blaser and Freeze for a return of the money, and hence Blaser had no chose in action against Freeze. The agreement was to the contrary, that Freeze should pay all of it to Blaser's creditors. When he failed to do so the law made it the duty of Freeze to return the money in hand to Blaser. Their relation in that respect is described by present-day authority as quasi-contractual. City of New York v. Davis (C. C. A.) 7 F.(2d) 566, 573. But no authority, so far as we are advised, has held that it created a chose in action in behalf of Blaser, and we think it did not within the meaning of said section 41 (28 USCA). The contractual relation is a mere fiction. The Ninth Circuit held in Menasha Wooden Ware Co. v. Southern Oregon Co., 244 F. 83, that an action for money had and received was not a chose in action within the meaning of the Code section. It would seem to follow that the objection is not well taken, whether the assignment be regarded as Blaser's right and interest in the $3,535.69 or of his right of action against Freeze. Neither contention being sustainable, the order of dismissal is reversed with directions to reinstate said third cause of action, overrule the demurrer thereto and permit defendant to plead.

COTTERAL, Circuit Judge, dissents.