HOWE & DAVIDSON CO. v. HAUGAN et al.

(Circuit Court, N. D. Illinois. March 8, 1904.)

No. 26,780.

1. EQUITY PLEADING—GROUNDS FOR DEMURRER TO BILL—IMPERTINENCE.
     The question whether matter in a bill is impertinent cannot be raised by demurrer, such matter being subject only to exceptions.
     [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 525.]

2. SAME—MULTIFARIOUSNESS OF BILL.
     Where a bill alleged easements and water rights in complainant under contracts with a water power company, and interference, and further threatened interference, with such rights by the company and its president, against which injunctive relief was prayed, and also a decree adjusting water rights as between complainant and all other parties, the impleading of other defendants upon allegations that they claimed an interest in the bonds issued by the defendant company which were in fact owned by its president, and that in collusion with the other defendants they threatened to cause default to be made on said bonds to be followed by a foreclosure and sale of the property for the purpose of cutting off complainant's contract rights, does not render the bill multifarious by setting up a separate cause of action, but such averments are proper if so connected with the subject-matter of the bill that they are material to be considered in determining complainant's contract rights, and, if not, are merely impertinent.

3. SAME—PARTIES.
     Such bill is not one for specific performance, but is in the nature of a bill quia timet; and where it alleges that complainant's rights under its

contracts are prior and superior to those of the mortgagees, persons alleged to claim an interest in the mortgage are proper parties defendant.

4. JURISDICTION OF FEDERAL COURTS—SUIT INVOLVING SEPARATE CONTRACTS—DETERMINATION OF ENTIRE CONTROVERSY.

Where one of complainant's contracts is clearly within the jurisdiction of a federal court, it draws to that court jurisdiction to determine the entire controversy, although others of the contracts, as to which the issues are the same, were acquired by complainant through assignments from persons who could not have sued in such court.

In Equity. On joint and several demurrer of the impleaded defendants to the amended and supplemental bill.

Peck, Miller & Starr and Earl D. Babst, for complainant.

Lackner, Butz & Miller and Eddy, Haley & Wetten, for defendants.

SEAMAN, District Judge. Four grounds of demurrer are urged in the argument, and I am satisfied that neither is tenable. The conclusions I have reached upon each will be briefly stated.

1. The first proposition relates to the allegations of the bill touching the transactions and interest of the defendant Boyce in respect of the bonds and stock of the water power company, and challenging the ownership of the bonds held in the name of the demurrants, secured by trust deed upon the property of the water power company. It is contended that the complainant has no interest in the matter of ownership of these bonds, and that it "has no right in this action to litigate" the question thus introduced, even though the demurrants are otherwise properly made parties for the primary objects of the bill. The question whether the matter referred to is impertinent—is "not material to the decision" of the real controversy disclosed by the bill—cannot be raised by demurrer under the equity practice, such matter being subject only to exceptions. 1 Foster, Fed. Prac. § 68; 1 Bates on Fed. Eq. Prac. § 173. So it may be conceded for this point that the complainant shows no interest to authorize an adjudication as to ownership of these bonds, or interference with foreclosure of the trust deed, by way of independent relief. But if the matter does not render the bill multifarious (to be presently considered), and the demurrants are proper parties for relief sought by the bill, I am of opinion that its presence in the bill is not valid ground for demurrer.

2. The contention that the bill is multifarious, however, raises the true inquiry as to the effect of these allegations; an inquiry which often presents difficulty in its solution. No single definition of multifariousness is adaptable to the various phases in which inquiry is presented in framing bills in equity. As remarked in the leading case of Gaines v. Chew, 2 How. 619, 642, 11 L. Ed. 402:

"Every case must be governed by its own circumstances, and, as these are as diversified as the names of the parties, the court must exercise a sound discretion on the subject. Whilst parties should not be subjected to expense and inconvenience in litigating matters in which they have no interest, multiplicity of suits should be avoided by uniting in one bill all who have an interest in the principal matter in controversy, though the interests may have arisen under distinct contracts."

In Brown v. Guarantee Trust Company, 128 U. S. 403, 411, 412, 9 Sup. Ct. 127, 32 L. Ed. 468, this statement is adopted, and a further test is given, which seems to be applicable to the case at bar, namely, that the objection of multifariousness as containing different causes of action is not supported unless "two things occur: First, the grounds of suit must be different; second, each ground must be sufficient as stated to sustain a bill." See, also, 11 Notes U. S. Rep. 647.

The subject-matter of the bill is easements and water rights claimed by the complainant. Interference therewith and operations tending to further deprivation are alleged, and the relief sought is adjudication of such rights as against all of the defendants, with appropriate injunctional remedies. The allegations in reference to the ownership of the bonds and threatened default therein, to be followed by foreclosure, do not state separate causes of action, for reasons which seem to be well urged in the argument on behalf of demurrants. Unless they appear related to the easements in controversy, so that their consideration is material for complete settlement as to the complainant's rights therein, they are not a distinct cause of action, but are merely impertinent. If they are so connected with the "common point of litigation" that they may justly be considered for settlement of the rights of all parties, it is not essential that all have present interest in the particular matter so set up. Curran v. Campion, 29 C. C. A. 26, 29, 85 Fed. 67. In either view the objection of multifariousness must be overruled.

3. The further contention is that these holders of the bonds are not proper parties to the bill, which is assumed to be one for specific performance of the water power contracts. I am of opinion that the bill and objects of the suit are not within the rule of either of the authorities cited for this proposition. The complainant alleges dominant ownership of certain water power rights derived by grant and contract from the water power company, and serious interference therewith, for which injunctional relief is required. It is not a mere bill for specific performance in the sense of the citations, but in the nature of a bill quia timet, and one of well-recognized equitable cognizance for determining the rights of such grantor under its grants and of all users or claimants of water privileges in the flow of water in controversy, derived from the same source of grant. The demurrants stand in the relation of mortgagees of the water power company, but, if not before the court in the present suit, are not bound by any decree therein. Whether their interests are subject to the water rights of the complainant through the terms and import of the trust deed, is one of the issues tendered by the bill, and they are necessary parties for its determination. Such issue is germane to the controversy, and they are therefore properly made parties.

4. The remaining ground of objection is that the court is without jurisdiction "in respect to any of the water leases or contracts except the one option contract made directly with the complainant." This objection rests upon the statutory limitation against suit by

the assignee of a chose in action for its enforcement unless suable as well by the assignor in the federal court, and upon the authorities holding bills for specific performance of contracts to be within such limitation. If it be assumed, however, that the rights derived through Mr. Clark are choses in action, and cannot confer jurisdiction, nevertheless the presentation of the jurisdictional cause— as thus rightly conceded to appear—would save the right to federal jurisdiction, and bring within equitable cognizance all the other matters referred to as branches of the controversy, saving multiplicity of suits. The statute is not then applicable when jurisdiction attaches for such cause well stated.

The demurrer must be overruled, and it is so ordered.