### POWER & IRRIGATION CO. OF CLEAR LAKE v. BANK OF WOODLAND et al.

(District Court, N. D. California, Second Division. April 1, 1914.)

No. 15,656.

COURTS (§ 312*)—FEDERAL COURTS—JURISDICTION—ASSIGNED CLAIMS—"CHOSE IN ACTION."

Where plaintiff, a nonresident, sued on a claim assigned by a citizen of the same state as defendants to recover money paid under a contract to purchase corporate stock, which defendants had attempted to rescind without restoring the amount received as required by Civ. Code Cal. § 1691, plaintiff's right to recover was a "chose in action," and hence jurisdiction did not appear under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [U. S. Comp. St. Supp. 1911, p. 135]) § 24, providing that no District Court shall have cognizance of any suit to recover on a "chose in action" in favor of an assignee, unless the suit might have been prosecuted in such court to recover on the chose in action if no assignment had been made.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*

For other definitions, see Words and Phrases, vol. 2, pp. 1144–1148; vol. 8, p. 7602.]

At Law. Action by the Power & Irrigation Company of Clear Lake, an Arizona corporation, against the Bank of Woodland and others. On demurrer to complaint. Sustained.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for plaintiff.

A. E. Shaw, Bert Schlesinger, Denson, Cooley & Denson, Theodore A. Bell, and Mastick & Partridge, all of San Francisco, Cal., for defendants.

DOOLING, District Judge. Plaintiff is a corporation organized and existing under the laws of Arizona. The complaint contains three counts. The first count avers that on March 24, 1912, the defendants were indebted to one E. P. Vandercook in the sum of $167,-429.30 for money had and received by them of and from said Vandercook to and for his use and benefit, and that said Vandercook had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assigned to plaintiff his said claim and demand against defendants, and that plaintiff is now the lawful owner and holder thereof.

The second count alleges that on March 24, 1912, the defendants became indebted to said Vandercook 'at the special instance and request of the defendants and for their use and benefit, and that Vandercook had assigned his claim and demand against defendants to plaintiff, who is now the lawful owner and holder thereof.

The third count recites: That in January, 1907, the defendants entered into an agreement in writing with said Vandercook whereby he agreed to buy, and they agreed to sell, 9,860 shares of the capital stock of the Yolo County Consolidated Water Company at the agreed price of $45 per share, payable as follows: $91,250 down, and $3.33 a share to be paid on each of the following dates: January 15, 1908, July 15, 1908, and January 15, 1909, and the remainder, amounting to $258,750, in the bonds of a corporation known as the Central California Power Company. That the said capital stock of the Yolo County Consolidated Water Company should be properly indorsed and placed in escrow and there remain to be delivered to said Vandercook in accordance with said agreement. That the said bonds of said Central California Power Company should also be placed in escrow, there to remain until all the cash payments had been. made, and until such bonds should have a market value of 90 per cent. of their par value, when said bonds were to be delivered to defendants and the stock of the Yolo County Consolidated Water Company was to be delivered to said Vandercook. Said agreement also provided that said Vandercook might pay out certain moneys for contracts or options held by said Yolo County Consolidated Water Company, and for extensions thereof, and that such payments made by him should be in the name and for the use of said company. It was also agreed that if said Vandercook failed. to make any of the payments at the time the same became due, or should fail to perform his part of the agreement, he should lose all rights to purchase said stock, and all moneys paid thereon should be retained as a consideration for the execution of said agreement; that said Vandercook should have no right to recover any portion of said payments.

The complaint further avers: That pursuant to said agreement said Vandercook deposited in escrow the bonds of the said Central California Power Company, and, during the life of the agreement, paid to defendants or for them in accordance therewith various amounts aggregating $207,396.37. That after said payments had so been made, and while said agreement was in full force and effect, the defendants rescinded the same, and notified Vandercook thereof in writing, declaring the same to be rescinded, and null and void, and further notified Vandercook that they would no longer be bound by said agreement nor perform any of the acts to be performed by them thereunder. That thereupon the defendants received from the escrow holder the said 9,860 shares of stock of the Yolo County Consolidated Water Company, and sold and transferred them to some person other than Vandercook or the plaintiff. That notwithstanding these facts no part of the moneys paid to or for defendants by said Vandercook

has been repaid. That after the rescission, cancellation, and annulment of the contract as aforesaid, the said Vandercook sold, transferred, assigned, and set over to plaintiff all of his rights, claims, and interests of every kind whatever to recover of and from the said defendants all of the aforesaid sums, and that plaintiff is now the lawful owner and holder of said claims; the total amount sued for here including interest being $284,557.09.

The substance of the complaint is thus fully set out because the jurisdiction of the court is challenged by demurrer, on the ground that recovery is sought upon "a chose in action," and that as plaintiff's assignor, being a citizen of this state, could not have maintained an action in this court, his assignee, the plaintiff, cannot do so, although a citizen of another state. The question thus presented is whether the facts alleged in the complaint bring the case within the following provisions of section 24 of the Judicial Code:

"No District Court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

This section is of comparatively recent enactment, the provisions of former sections being that no assignee could recover "the contents of a chose in action" where his assignor could not do so. The phrase "contents of a chose in action" has been before the courts many times for interpretation as applied to particular facts. Nowhere, however, in the adjudicated cases have I been able to find such definition of "a chose in action" as could be relied upon for application in the present case, unless it be in the following language of the Supreme Court, in Bushnell v. Kennedy, 76 U. S. (9 Wall.) 390, 19 L. Ed. 736:

"That the indebtedness here was a chose in action cannot be doubted; for under that comprehensive description are included all debts and all claims for damages for breach of contract, or for torts connected with contracts."

Much confusion arose in the earlier cases because of the use of the words "to recover the contents of a chose in action." These words have been omitted from the section of the Judiciary Act above quoted, and in their place we have the words "to recover upon a chose in action." That the claim here assigned is a chose in action I have not the slightest doubt. It must be remembered we are not dealing with the words "contents of a chose in action," which would imply a subsisting contract having contents capable of recovery. But even if we were, the facts set out show that plaintiff is relying upon the contract pleaded by it, and defendants' failure to carry it out. Defendants' defense, if they have any, must also be based upon the contract and upon the failure of plaintiff's assignor to carry it out. The averment that defendants rescinded the contract serves only to confuse the present question, for if we take the averments of the complaint together we will see that all that is really pleaded is that defendants have attempted to rescind the contract, as no rescission can be accomplished under the circumstances shown here until the party rescinding has restored "to the other party everything of value * * *

received from him under the contract." Civil Code Cal. § 1691. I am satisfied that plaintiff is suing upon a chose in action, and that, as its assignor could not maintain the action in this court, plaintiff cannot do so.

The demurrer will therefore be sustained. .