### POWER & IRRIGATION CO. OF CLEAR LAKE v. BANK OF WOODLAND et al.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1915.)

No. 2499.

COURTS ☞312—UNITED STATES COURTS—JURISDICTION—ASSIGNED CAUSE OF ACTION—"CHOSE IN ACTION."

Judicial Code, § 24 (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. 1913, § 991]), provides that no district court shall have cognizance of any suit, except upon foreign bills of exchange, to recover upon any chose in action in favor of any assignee or subsequent holder, unless such suit might have been prosecuted in such court if no assignment had been made. Civ. Code Cal. § 1688, provides that a contract is extinguished by its rescission. Section 1689 specifies the cases in which a party may rescind, and section 1691 provides that rescission, when not effected by consent, can be accomplished only by the use of reasonable diligence to rescind promptly and to restore everything received under the contract. A complaint in two counts alleged that defendants were indebted to V. for money had and received, and that V. had assigned his claim to plaintiff. The third count alleged that defendants agreed to sell V. certain corporate stock, to be paid for at times therein specified; that the stock was to be delivered in escrow until the payments provided for were made; that pursuant to the agreement V. had paid certain specified sums; that while the agreement was in full force defendants rescinded it, and notified V. thereof, and that his rights and privileges had terminated; that they thereupon received the stock from the escrow holder, but that, notwithstanding the rescission, they had not repaid to V. or to plaintiff any of the money so paid by V.; and that V. had assigned to plaintiff all his claims of every kind growing out of the contract and its alleged rescission and cancellation. *Held*, that the real basis of the action was the contract, and the action was one on a "chose in action," within section 24, and not one on an implied obligation to repay the money paid, as the complaint did not show on its face that the contract was rescinded, that defendants had complied with the conditions essential to a rescission, or that the attempted rescission was not because of some default on the part of V.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. ☞312.

For other definitions, see Words and Phrases, First and Second Series, Chose in Action.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Second Division of the Northern District of California; Maurice T. Dooling, Judge.

Action by the Power & Irrigation Company of Clear Lake against Bank of Woodland and others. The action was dismissed on demurrer (213 Fed. 109), and plaintiff brings error. Affirmed.

This action having been dismissed by the court below on demurrer for lack of jurisdiction, we have to see whether the complaint brought the case within its jurisdiction.

It contains three counts. The first alleges the incorporation of the plaintiff under the laws of the state of Arizona on the 9th day of April, 1913, and the incorporation under the laws of the state of California of the defendants Bank of Woodland, Capay Ditch Company, and Stephens Agricultural & Live Stock Company, and that each of the individual defendants is a resident and citizen of California. It then alleges that on the 24th of March, 1912, the defendants became indebted to one Vandercook in the sum of $167,429.30 for money had and received by them from him, and that while the defendants were so indebted he, for a valuable consideration, assigned his claim and demand to the plaintiff, who remains the lawful owner and holder thereof, no portion of which indebtedness has been paid, and that the whole of the principal sum, together with legal interest thereon from March 24, 1912, remains due and owing from the defendants to the plaintiff.

The second count makes the same allegations respecting the incorporation of the plaintiff and the defendant companies, and the citizenship and residence of the individual defendants, and also alleges that, on or about March 24, 1912, the defendants became indebted to Vandercook in the sum of $117,127.79 for money paid out and expended by him at the special instance and request of the defendants, and to and for their use and benefit, and that while they were so indebted Vandercook, for a valuable consideration, assigned his claim and demand therefor to the plaintiff, who remains the lawful owner and holder thereof, no portion of which indebtedness has been paid, and the whole of which principal sum, as well as interest thereon, remains due and owing from the defendants to the plaintiff.

The third count repeats the allegations respecting the incorporation of the plaintiff and the defendant companies, and the citizenship and residence of the individual defendants, and further alleges that on the 19th of January, 1907, Vandercook entered into an agreement in writing with the defendants wherein and whereby he agreed to buy and the defendants to sell to him 9,860 shares of the capital stock of the Yolo County Consolidated Water Company, a corporation, for the sum of $45 per share, payable as follows: $91,250.00 on said 9th (19th) day of January, 1907, and the balance in cash and bonds as follows: $3.33 per share in gold coin on the 15th day of January, 1908, $3.33 per share in gold coin on the 15th day of January, 1909, and the balance, amounting to $258,750 in the bonds of a certain corporation of the state of California known as the Central California Power Company; that the agreement further provided that all of the said 9,860 shares of the capital stock of the Yolo County Consolidated Water Company should be properly indorsed and placed in escrow with the California Safe Deposit & Trust Company, a corporation of California, as escrow holder, to be delivered as specified; that all of the said bonds of the Central California Power Company should also be placed in escrow with the said California Safe Deposit & Trust Company as soon as they should be issued, to remain with the Trust Company until all cash payments provided for in the agreement between Vandercook and the defendants should be fully made, and until the said bonds should have a market value of 90 per cent. of their par value, and upon the attaining of that value the Trust Company should deliver the stock of the said Yolo County Consolidated Water Company to Vandercook and the said bonds to the defendants; that any and all money which might be expended by the Yolo County Consolidated Water Company prior to the delivery by the escrow holder to Vandercook of the said stock, for permanent betterments or improvements, or for the acquisition of any additional property required for a water

system and for the storage of water, should be repaid to the ¡Yolo County Consolidated Water Company by Vandercook; that Vandercook might pay out to persons from whom contracts or options were held by the Yolo County Consolidated Water Company the moneys due, or which should become due thereon, and that Vandercook should have the further right to procure extensions of such options or any of them to such time as would fully protect in every particular the then existing rights of the said company; that all payments for such extensions made by Vandercook should be made in the name and for the use of the said Yolo County Consolidated Water Company; that the shares of the capital stock of the Yolo County Consolidated Water Company so placed in escrow and sold to Vandercook should not be subject to any indebtedness of the said corporation, or to any lien or liability, and that the said Yolo County Consolidated Water Company should not be indebted in any sum whatever when said stock should be finally delivered as provided in the agreement, save and except that a certain bonded indebtedness of the said corporation in the sum of $225,000, then outstanding, together with interest thereon thereafter to become due, should remain a liability of the said Yolo County Consolidated Water Company; that should Vandercook fail to make any additional payments of principal or interest therein provided, at the time the same became due, or should fail to perform his part of the agreement, he should lose all rights to purchase the property, and all moneys paid thereon should be retained as a consideration for the execution of the agreement, and that he should have no right to recover any portion of such payments; that Vandercook should pay interest on all of the outstanding bonds of the Yolo County Consolidated Water Company as the same should thereafter become due, and that all deferred payments on the purchase price of the stock of the said Yolo County Consolidated Water Company so purchased by him should bear interest at the rate of 5 per cent. per annum, payable semiannually, from the date of the agreement; that all net income of the Yolo County Consolidatd Water Company arising from irrigation or otherwise should be applied to such interest.

It is further alleged in the complaint that Vandercook, pursuant to the said agreement, paid to the defendants the said sum of $91,250, $51,250 of which was paid in cash, and $40,000 in 533 shares of the capital stock of the Central Counties Land Company, a corporation, and an additional $25 in cash, and that Vandercook duly delivered to the California Safe Deposit & Trust Company the bonds of the said Central California Power Company in the amount of $258,750, and the defendants duly deposited with the same Trust Company the said 9,860 shares of the capital stock of the Yolo County Consolidated Water Company; that thereafter and pursuant to the agreement Vandercook, on the 29th of March, 1907, paid to the defendants on account of the interest due on said bonds the sum of $2,194.37; that thereafter, and on the 22d of July, 1907, Vandercook paid to the defendants $8,320.75, being the amount of interest then due on the purchase price of said stock, at the rate of 5 per cent. per annum, pursuant to the said agreement; that thereafter, to wit, on the 18th of November, 1907, Vandercook paid to the defendants $19,570.75, being all interest then due on the said bonds and on the purchase price of said stock, and all interest to become due under the contract to and including April 1, 1908; that the said Yolo County Consolidated Water Company paid out and expended for the acquisition of additional property for a water system and for the storage of water $86,060.50, such payments being made at various specified dates, all of which sums, together with interest thereon, were, pursuant to the terms of the said agreement, and at the special instance and request of the defendants, repaid to the said Yolo County Consolidated Water Company on the specified dates; that while the said contract was in full force and effect, the defendants, by an instrument in writing executed and delivered to Vandercook, extended the time within which he was to make payments of all sums of principal and interest provided for in the contract then remaining due and unpaid, together with interest due or to become due thereon, until and including March 24, 1912.

The complaint further alleges that thereafter, and while the said agreement of January 19, 1907, was in full force and effect, the defendants re-

scinded the same, and notified Vandercook in writing of such rescission and cancellation, and that his rights and privileges thereunder had terminated, and that they would no longer be bound thereby, and that the defendants thereupon received from the said escrow holder the 9,860 shares of the capital stock of the Yolo County Consolidated Water Company, and sold and transferred the same to persons other than Vandercook and the plaintiff; that notwithstanding the said rescission of the said contract, the defendants have not restored, returned, or repaid to Vandercook or to the plaintiff any portion of the moneys so paid to them under the agreement, or so paid to the said Yolo County Consolidated Water Company at the request of the defendants, nor have they repaid to Vandercook, or to the plaintiff, the interest, or any part thereof, due upon any of the said moneys; that after the said rescission and cancellation of said contract, to wit, on the 21st day of April, 1913, Vandercook assigned to the plaintiff all of his rights, claims, and interest of every kind against the defendants growing out of said contract, and its alleged rescission and cancellation, of all of which claims and demands the plaintiff remains the owner and holder; that the aggregate amount of principal and interest due upon the said claims so assigned to the plaintiff amounted, at the time of the filing of the complaint, to $284,557.09, for all of which the plaintiff prays judgment, and for costs of suit.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for plaintiff in error.

A. E. Shaw, Bert Schlesinger, S. C. Denson, John S. Partridge, Alan C. Van Fleet, Denson, Cooley & Denson, and Mastick & Partridge, all of San Francisco, Cal., for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge (after stating the facts as above). Section 24 of the Judicial Code of the United States, provides, among other things, as follows:

"No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

In Bushnell v. Kennedy, 76 U. S. (9 Wall.) 390, 19 L. Ed. 736, the Supreme Court expressly declared that under the comprehensive designation "chose in action" are included "all debts and all claims for damages for breach of contract, or for torts connected with contract."

It is not contended that if this action is based upon a chose in action the court below had jurisdiction. But it is earnestly insisted on the part of the plaintiff in error that the action is founded upon an obligation imposed by law, the argument being that the complaint shows upon its face that the contract therein set out was rescinded by the defendants in error, to which rescission the plaintiff in error consented and thereby became entitled under the law to recover the moneys that had been paid by his assignor under the contract.

Sections 1689 and 1691 of the Civil Code of California provide as follows:

"Sec. 1689. A party to a contract may rescind the same in the following cases only:

"1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party;

"2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part;

"3. If such consideration becomes entirely void from any cause;

"4. If such consideration, before it is rendered to him, fails in a material respect, from any cause; or,

"5. By consent of all the other parties."

"Sec. 1691. Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"1. He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

And section 1688 of the same Code declares that "a contract is extinguished by its rescission."

We are unable to sustain the contention of the appellant that the complaint shows upon its face that the contract therein set out was rescinded. Of course, it might have been rescinded by the consent of the respective parties to it, and upon such rescission it would have been extinguished; but so far from the complaint showing any such consent and consequent extinguishment, it shows only an attempted rescission on the part of the defendants, without showing the grounds therefor. By the express provision of the state statute referred to, rescission, when not effected by consent, can be accomplished only by the use on the part of the party rescinding of reasonable diligence to comply with certain prescribed conditions, one of which is the restoration to the other party of everything of value which he has received from him under the contract. The complaint not only fails to show a rescission of the contract by the consent of the parties thereto, but fails to show compliance by the defendants with that among other conditions prescribed by the state statute. It alleges, after setting out certain payments by the plaintiff's assignor:

"That while the said contract was in full force and effect, the defendants, by an instrument in writing executed and delivered to Vandercook, extended the time within which he was to make payments of all sums of principal and interest provided for in the contract, then remaining due and unpaid, together with interest due or to become due thereon, until and including March 24, 1912. * * * That thereafter and while the said agreement of January 19, 1907, was in full force and effect, the defendants rescinded the same, and notified Vandercook in writing of such rescission and cancellation, and that his rights and privileges thereunder had terminated and that they would no longer be bound thereby."

It may be that such attempted rescission by the defendants was because of some default or defaults of the plaintiff's assignor. There is

nothing to the contrary in the complaint. If so, and the defendants were without fault, it would hardly be claimed that the plaintiff would be entitled to recover what was paid by its assignor. Joyce v. Shafer, 97 Cal. 335, 337, 32 Pac. 320.

We agree with the court below that the real basis of the action as stated in the complaint is the contract therein set out, and that the proper determination of the controversy between the parties depends upon the actions of the parties thereunder and their respective defaults, if any such occurred.

The judgment is affirmed.