## LA CUEVA RANCH CO. v. BREWER et al.

(Circuit Court of Appeals, Seventh Circuit. September 12, 1922. Rehearing Denied October 14, 1922.)

### No. 3078.

1. **Contracts ☞274—One who rescinds a contract cannot assert any right thereunder.**

    One who rescinds a contract for fraud in its procurement or for any other cause may not assert any right under it.

2. **Vendor and purchaser ☞102—Rescission of deed and bill of sale and repossession of property constituted rescission of contract pursuant to which deed and bill of sale had been executed.**

    Where vendor brought an action to cancel a deed conveying a ranch, and a bill of sale to personal property thereon, on the ground that the contract for the sale of the ranch and property thereon was procured by fraud, and procured a judgment providing for the cancellation of the deed and the bill of sale, and took possession of the property under such judgment, the rescission of the deed and bill of sale and the repossession of the property constituted a rescission of the contract, pursuant to which such deed and bill of sale had been executed.

3. **Vendor and purchaser ☞105(1)—Having rescinded, vendor could not recover interest on purchase price up to time of rescission.**

    Where vendor rescinded his contract for fraud by the purchaser, vendor could not recover the stipulated interest on the purchase price up to the time vendor repossessed itself of the property.

4. **Use and occupation ☞9—Stipulated interest on purchase price no evidence of value of use and occupation.**

    The interest on the purchase price stipulated in contract for sale of a ranch and personal property thereon is not evidence of the value of the use and occupation of the property.

5. **Sales ☞323—Declaration by vendor following rescission held to allege that purchasers received from vendor and did not return personal property valued at more than specified amount.**

    In vendor's action against purchasers following rescission of contract for conveyance of ranch and personal property thereon, declaration, alleging that personal property was taken by the purchasers at an agreed price, which was its value, that the purchasers disposed of such personal property, and that vendor received back personal property at the agreed value and price at which it was turned over to the purchasers something over $2,000 less than the property received by the purchasers under the contract, *held* to charge that the purchasers received from the vendor and did not return personal property of more than $2,000 in value.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the La Cueva Ranch Company against Frederick A. Brewer and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

The declaration in assumpsit consists of the common counts and a special count, which charges that plaintiff, a New Mexico corporation, owning a ranch in New Mexico, with personal property, consisting largely of live stock thereon, contracted with defendants and others to sell them the ranch for $237,500, and certain of the personal property thereon at prices to be agreed on, purchasers to pay $75,000 within 90 days after the issue of certain bonds, and the balance within one year from March 1, 1916, with interest at 6 per cent. per annum from March 1; that purchasers should enter into possession

of the lands and personal property, the legal title to which might be trans-ferred to a corporation which purchasers would organize. It was further alleged that the price agreed upon for the personal property (as well as its value) was $46,615.93, and that pursuant to such agreement, under direction of the purchasers, the Mora Land & Cattle Company, a New Mexico corpora-tion, which pursuant to said agreement, the purchasers organized and owned, went into possession of the real and personal property, the seller, at pur-chasers' direction, executing and delivering to the Mora Company deed and bill of sale thereof; that no part of the consideration for the sale was ever paid, and that on October 23, 1916, one of the purchasers, on behalf of all of them, notified the seller in writing that the purchasers were not able or will-ing to proceed further with the contract, and that about the same time the Mora Company abandoned the property, real and personal, leaving no one in charge of it; that November 1, 1916, the seller brought suit in New Mexi-co against the Mora Company, wherein fraud in the procurement of the con-tract was charged, and the relief sought was cancellation and annulment of the deed and bill of sale, the appointment of a receiver for the property, and the turning over of same to plaintiff, which relief was by decree of the court in New Mexico awarded February 21, 1917, and that in said suit there was involved no question of accounting, or for rents, profits, or unreturned per-sonal property, or damages for withholding possession thereof from plaintiff; that the purchasers were all nonresidents of New Mexico and had no prop-erty there; that pursuant to such decree the real estate and most of the per-sonal property was turned over to the plaintiff; that the property was fairly worth the contract price, and that the property thus received back at the con-tract price thereof amounted to $284,299.58, and that, adding thereto interest on this sum from March 1, 1916, being $16,730.83, made, with another small item, an aggregate of $301,030.41; that deducting from last amount the sum of $281,850, the contract price and value of the property received back leaves the sum of $19,180.41, which, with interest thereon from February 21, 1917, the plaintiff alleges its demand against defendants to be.

Upon the trial of the cause the plaintiff offered to make proof of the fore-going facts, and, upon objection by defendants the evidence was ruled out upon the ground that plaintiff had elected to rescind the contract, and this waived all other right of recovery. Upon the court's direction a verdict for defendants was returned, and from judgment thereon the writ is prosecuted.

William L. Bourland, of Chicago, Ill., for plaintiff in error.

Henry Fitts, of Chicago, Ill., for defendants in error.

Before BAKER and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1-3] We are satisfied that the plaintiff's rescission of the deed and bill of sale and repossession of the property it had conveyed pursuant to the contract, amounted to a rescission of the contract. Indeed, it was charged in the New Mexico suit that the contract was procured by the fraud of the intended purchasers, and upon the ground of such fraud and of the abandonment of the contract by the purchasers and of the premises, the relief prayed for was granted, and the seller re-vested with the property. It is elementary that one who rescinds a contract for fraud in its procurement, or for any other cause, may not assert any right under it. To the extent that the declaration predicates the action upon the stipulated interest on the purchase price up to the time plaintiff repossessed itself of the property, the court properly di-rected the verdict.

[4] Plaintiff insists that it is entitled to recover for use and occu-pation of the property while in the possession of the purchasers or

their corporate representative, and that the stipulated interest is the proper measure of the value of its use. It is extremely doubtful whether the declaration states a cause of action for the use and occupation of the property; but, even if it may be construed as stating such cause of action, there was no evidence offered to show the value of such use, unless, indeed, it may be said that the stipulated interest on the purchase price evidences such value. This is untenable. There is no necessary, or even probable, relation between interest on the purchase price and rental value. If, as is sometimes the case, the contract had provided for no interest whatever, would it follow that the premises had no rental value at all? Or if prospective purchasers were willing to pay a high rate of interest to secure title to premises which to their minds had large speculative value, would this be the measure of the present rental value of the property? We think a mere statement of the proposition requires a negative answer.

[5] If the question of use and occupation alone were involved, we would be required to find that the District Court properly instructed the jury in favor of defendants. But there is involved also personal property which passed under the contract, and which it is alleged in the declaration and shown by the proffered rejected evidence was not returned to plaintiff. True, the declaration makes such allegation rather indirectly, but it appears by necessary inference. As to the real estate, it alleges the contract price, and the taking back of the property at the same price. It alleges further that personal property was taken by the purchasers at an agreed price, which was its value; that the purchasers, or their corporation, the Mora Company, disposed of certain of that personal property, and that plaintiff received back of this personal property, at the agreed value and price at which it was turned over to the purchasers, something over $2,000 less than the property received by the purchasers under the contract. The offer of proof was in accord with the allegations, and it is our view that the declaration charges, and the offered proof shows prima facie that the purchasers received from the seller, and did not return, personal property of over $2,000 in value, for which, in the absence of exculpating proof, plaintiff would be entitled to recover.

The court's direction in favor of the defendants having been general, the judgment must be and is reversed, and the cause remanded for new trial.