# SYLVANIA INDUSTRIAL CORPORATION v. LILIENFELD'S ESTATE et al.

## No. 4972.

Circuit Court of Appeals, Fourth Circuit.

Jan. 2, 1943.

C. O'Conor Goolrick, of Fredericksburg, Va. (Basil N. Bass and T. J. Deyrup, both of New York City, on the brief), for appellant.

Alex. W. Parker, of Richmond, Va. (G. K. Richardson, of Boston, Mass., and Joseph M. Winston, Jr., of Richmond, Va., on the brief), for appellees.

Before PARKER and DOBIE, Circuit Judges, and William C. Coleman, District Judge.

PARKER, Circuit Judge.

This is a suit instituted in the court below by the Sylvania Industrial Corporation, a corporation organized and existing under the laws of the State of Virginia and doing business in that state. The defendant is Antonie Lilienfeld, individually and as executrix in fact of her deceased husband, Leon Lilienfeld. Defendant is a citizen of Poland and her husband, who died in the year 1938, was a citizen of that country. He left a will in which he devised and bequeathed all of his property to her. Although another person was named as executor of the will, it is admitted that all of the property was turned over to her by the executor, and that under the law of Poland, where she and her husband resided and where the will was probated, the effect of this was to clothe her with the status of executrix. A substantial part of the assets of the estate consisted of 15,244 shares of the capital stock of the plaintiff corporation, and these are still standing on the records of the corporation in decedent's name. Summons was served upon the defendant, who is now residing in Massachusetts, while she was in the territorial jurisdiction of the court below. The contention as to the validity of the service upon her as executrix under the law of a foreign country rests upon the ownership by the estate of stock in plaintiff, a Virginia corporation, and the fact that one of the purposes of the suit is to establish plaintiff's right to this stock.

The complaint states two causes of action. The first relates to a contract made between the Sylvanic Company, a Delaware corporation and a subsidiary of plaintiff, and Leon Lilienfeld, by the terms of which Lilienfeld granted to that company licenses under certain United States and foreign patents in consideration of the payment to him of $49,169.62 or £6,000 gold, and the delivery to him of 1,000 shares of its stock, subsequently exchanged for 10,000 shares of stock in plaintiff, and the payment of royalties as provided for in the contracts. These contracts were merged in a contract between the Sylvanic Company and Lilienfeld dated October 29, 1936, all rights under which were transferred to plaintiff by the Sylvanic Company, along with its other property, on June 28, 1937; and it is alleged that on May 6,

1940, plaintiff and defendant, as executrix, entered into an agreement modifying in certain respects the license agreements under this contract. The second cause of action relates to a contract made between Cellulose Holdings, Ltd., a Canadian corporation and a subsidiary of plaintiff, and Leon Lilienfeld, by the terms of which Lilienfeld granted to that company licenses under United States and foreign patents in consideration of the payment to him of $24,561.20, or £3,000 gold, and the delivery to him of 1,000 shares of its capital stock, subsequently exchanged for 6,559 shares of the stock of plaintiff, and the payment of royalties as provided for in the contract. It is alleged that on May 6, 1940, the contract entered into by Lilienfeld was modified by an agreement between Cellulose Holdings, Ltd., and defendant as executrix of Lilienfeld's estate. On August 1, 1940, Cellulose Holdings, Ltd., transferred to plaintiff all of its business and property.

The complaint does not seek to recover on either of the contracts and contains no allegations appropriate for the recovery of damages on account of breach. It is brought not as an action at law, but in the nature of a suit in equity under the old practice. The allegation is that there has been failure to prosecute patent applications, to communicate improvements to plaintiff so that patents could be sought therefor, to protect existing patent rights by opposing patents to others and generally to protect the patents under which licenses were granted and to perform the terms and provisions of the license agreements. The relief asked is that the contracts be rescinded and declared null and void, that the stock acquired by Lilienfeld thereunder be assigned and transferred to plaintiff and that defendant pay to plaintiff the money received by Lilienfeld under the contracts.

The court below, retaining the case as to the first cause of action in so far as it was against Antonie Lilienfeld, individually, dismissed it as against the estate of Leon Lilienfeld and as to the second cause of action. The estate of Leon Lilienfeld was dismissed on the ground that no personal representative of the estate was properly before the court. The second cause of action was dismissed on the ground that, as to it, plaintiff sued as assignee of an alien corporation which could not invoke the jurisdiction of the United States courts in a suit against an alien defendant, and that suit by plaintiff as assignee was forbidden by 28 U.S.C.A. § 41.

█ We are unable to see what practical difference results from the presence of the estate of Lilienfeld as a defendant. The suit is for the rescission of contracts and restoration of the consideration paid under them; and, while the contracts were made with Lilienfeld and the consideration was received by him, it is admitted that the contracts and everything belonging to the estate have been turned over to defendant. She is therefore the real party in interest. She could sue on the contracts as an individual. 21 Am.Jur. 931; Harper v. Butler, 2 Pet. 239, 7 L.Ed. 410; Vogel v. New York Life Ins. Co., 5 Cir., 55 F.2d 205, 209; note 10 A.L.R. 282. And, since she could sue on them, she was subject to suit for their rescission. Of course, she could not be ordered to restore anything that had not come into her hands, but she had in hand as an individual everything that she could have had as executrix, and the same sort of inquiry would be necessary in either case to charge her with respect thereto. The dismissal of the suit against the estate, therefore, could serve no purpose except in so far as there might be a nuisance value in the right of defendant as executrix to claim in future litigation that she was not bound by the judgment rendered in the suit to which she is a party individually.

█ We are satisfied, however, that defendant in her capacity as executrix of Lilienfeld was properly before the court. Under the law of Poland she occupied the status of executrix because of the fact that the property had been turned over and intrusted to her prior to the final settlement of the estate. Whether as a foreign executor she was subject to suit in a federal court in Virginia is to be determined under the law as laid down by the Virginia courts. Moore v. Mitchell, 281 U.S. 18, 23, 50 S.Ct. 175, 74 L.Ed. 673; Hale v. Allison, 188 U.S. 56, 68, 23 S.Ct. 244, 47 L.Ed. 380. The Virginia rule is that a foreign executor or administrator is subject to suit in the state when he collects assets therein or brings them into the state, after having received them in a foreign state. Tunstall v. Pollard, 11 Leigh, Va., 1; Fugate v. Moore, 86 Va. 1045, 11 S.E. 1063, 19 Am.St.Rep. 926. A fortiori, he is subject to suit within the state where the suit relates to property having a situs therein; and the shares of

stock in plaintiff are such property. The rule is well settled that regardless of the place where the stock certificates may happen to be, "the state in which a corporation has been organized is the situs of its shares of stock, for purposes of administration, rather than the state of decedent's domicile, and particularly so if the corporation also conducts its business in the state where it has been organized." 21 Am.Jur. 403 and cases there cited. It is not disputed that the certificates evidencing the stock are in possession of defendant or under her control, and there is consequently no reason for considering what the situation might be if the certificates had come into the possession of others.

■■ Determining the situs of corporate stock presents many troublesome questions. As said by Judge Learned Hand in Direction der Disconto-Gesellschaft v. United States Steel Corp., D.C., 300 F. 741, 746, " * * * a share, if we do not wish to call it a chose in action, is at least a legal relation, and can have no spatial character except by virtue of the parties to the relation. Wherever either party is, there is the property as respects such parts of the relation as touch that party. Where the corporation is, there dividends must be paid and all other duties performed to which the shareholder is entitled. There also may the sovereign declare who shall be the shareholder." The situs of the shares of stock for determining the right of ownership as between the corporation and the executrix of a deceased stockholder would unquestionably seem to be the state of incorporation. Cf. Jellenik v. Huron Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647; McQuillen v. National Cash Register Co., 4 Cir. 112 F.2d 877, 880; Harvey v. Harvey, 7 Cir. 290 F. 653; 13 Am.Jur. 300. And the fact that the Uniform Stock Transfer Act has been adopted in Virginia, Code 1942, § 3848(2) et seq., does not affect the matter, for the certificates of stock, albeit they have been given by the act certain attributes of negotiable paper, are not the stock but mere evidence of ownership, just as a negotiable promissory note is not the debt but mere evidence of the debt, the situs of which for purposes of administration is the domicile of the debtor, wherever the note itself may be or may be payable. Wyman v. Halstead, 109 U.S. 654, 656, 3 S.Ct. 417, 27 L.Ed. 1068.

There is nothing to the contrary in Iron City Bank v. Isaacsen, 158 Va. 609, 164 S. E. 520. That was a suit in Virginia to set aside as fraudulent the transfer of shares of stock in a New York corporation, the transferee not being a party to the suit. What was said as to the effect of the Uniform Stock Transfer Act on the right to proceed in rem with respect to the stock of a Virginia corporation was pure dictum, but, even so, there is nothing in the dictum contrary to the view that, for purposes of administration or determining ownership of stock as between the corporation and a foreign executor, the situs of the stock is deemed to be within the state. The expressions in the opinion relied on by defendant relate to the effect of the act on the power of the court to make adjudications in rem as to shares represented by outstanding certificates, and touch not at all the rule as to the situs of the property represented by the shares being within the jurisdiction.

■ The reason that a foreign executor is not ordinarily subject to suit is that a grant of administration has no legal operation outside the state from whose jurisdiction it is derived. Fugate v. Moore, supra. The exception recognized by the Virginia decisions is based upon the right of the state to protect local creditors with respect to property of the decedent found or brought within the state. As to such property, the power of the state can be asserted without regard to the powers granted the executor by the foreign state. The same power unquestionably exists over the stock of a domestic corporation; and the foreign executor is accordingly subject to suit with regard thereto, as in the case of other property brought or found by him within the state.

■ On the second question, we do not think that the second cause of action can be dismissed as an action upon an assigned contract or chose in action. While restitution is asked, this is asked as incidental to the main relief, which is that the contracts be "rescinded, set aside and declared null and void." Defendant contends that the suit is one upon the contracts and that the restitution asked is in effect a prayer for damages for breach; but there are no allegations in the complaint which are appropriate as allegations of damages for breach of contract. On the contrary, the allegations are those clearly appropriate in a suit for rescission and restoration; and the fact that rescission is asked for failure to perform makes no difference, for

it is well settled that in proper cases rescission may be granted for default in performance. See 12 Am.Jur., §§ 438, 440, pp. 1018–1021; 17 C.J.S., Contracts, § 422, p. 906; Federal Law, Contracts, vol. 2, p. 289. For cases dealing with the remedy of rescission as distinguished from suit for damages for breach, see In re Waterson, Berlin & Snyder Co., 2 Cir., 48 F.2d 704, 705, 709; Neenan v. Otis Elevator Co., 2 Cir. 194 F. 414; Planters Nat. Bank of Fredericksburg v. E. G. Heflin Co., 166 Va. 166, 184 S.E. 216; Texas Co. v. Northup, 154 Va. 428, 153 S.E. 659. This is the form of relief that plaintiff asks, not recovery of damages for breach of the contracts; and, having made the election to rescind, plaintiff will not be allowed to recover damages for breach. 12 Am.Jur. 1039; 17 C.J.S., Contracts, § 441, p. 925.

The provision of the statute, 28 U.S.C.A. § 41(1), upon which defendant relies as precluding suit by plaintiff in the federal courts, is as follows:

"No district court shall have cognizance of any suit * * * *to recover upon any promissory note or other chose in action* in favor of any assignee * *. * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made." (Italics supplied.)

It will be observed that the only suit of which a district court is denied jurisdiction by the language quoted is a suit "to recover upon any promissory note or other chose in action". The language does not deny jurisdiction of a suit by an assignee unless it be brought "to recover" on a note or chose in action. It has accordingly been held that jurisdiction is not denied, even though plaintiff sues as assignee, in a suit to recover property with damages for its detention (Bushnell v. Kennedy, 9 Wall. 387, 19 L.Ed. 736), or in a suit to recover damages for neglect of duty (Ambler v. Eppinger, 137 U.S. 480, 11 S.Ct. 173, 34 L.Ed. 765), or in a suit to recover from a trustee an interest in a trust estate (Brown v. Fletcher, 235 U.S. 589, 35 S.Ct. 154, 59 L.Ed. 374), or in a suit to recover overcharges from a railway company (Conn v. Chicago, B. & Q. R. Co., 8 Cir., 48 F. 177), or in a suit by a grantee of timber to enjoin cutting and conversion (Crown Orchard Co. v. Dennis, 4 Cir., 229 F. 652), or in an action for "money had and received" to recover funds paid into court (Menasha Woodenware Co. v. Southern Oregon Co., 9 Cir., 244 F. 83), or in a suit attacking charitable trusts created by will (Chicago Bank of Commerce v. McPherson, 6 Cir., 62 F.2d 393).

The words "chose in action" as used in the statute "include actions for damages growing out of 'rights of action founded on contracts, which contain within themselves some promise or duty to be performed' ". Goldman v. Furness Withy & Co., D.C., 101 F. 467, 468 (Judge Addison Brown); Bushnell v. Kennedy, supra, 9 Wall. 391, 392, 19 L.Ed. 736. "The term 'chose in action' " says Mr. Justice Grier in Sheldon v. Sill, 8 How. 441, 449, 12 L.Ed. 1147, "is one of comprehensive import. It includes the infinite variety of contracts, covenants, and promises, which confer on one party a right to recover a personal chattel or a sum of money from another, by action". Suits to recover upon such choses in action are to be distinguished from suits arising out of the ownership or possession of assigned property. The distinction was pointed out by Mr. Justice Sutherland in Realty Holding Co. v. Donaldson, 268 U.S. 398, 402, 45 S.Ct. 521, 522, 69 L.Ed. 1014, as follows: "The distinction is between a cause of action arising out of the ownership or possession of property transferred by the assignment of a contract—in which case the remedy accrues to the person who has the right of property or of possession at the time—and a suit to enforce the obligations of the assigned contract." As said by Mr. Justice Nelson in Deshler v. Dodge, 16 How. 622, 630, 14 L.Ed. 1084, the clause of the statute "applies only to cases in which the suit is brought to recover the contents, or to enforce the contract contained in the instrument assigned."

A suit to have a contract rescinded and declared void is not a suit to recover upon anything. Certainly it is not a suit to recover upon a chose in action within the above definitions or any others that we know of. As said in Black, Rescission and Cancellation, 2d Ed., vol. 1, § 1:

"To rescind a contract is not merely to terminate it but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract, and to restore the parties to the relative positions which they would have occupied if no such contract had ever been made. Rescission necessarily involves a repudia-

tion of the contract and a refusal of the moving party to be further bound by it."

That a suit to rescind a contract is not a suit "to recover" upon the "chose in action" which it embodies would seem to be self evident. As said by Judge Alschuler in La Cueva Ranch Co. v. Drewer, 7 Cir., 283 F. 963, 964, "It is elementary that one who rescinds a contract for fraud in its procurement, or for any other cause, may not assert any right under it." See, also, United States v. Behan, 110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168. The inconsistency of the two concepts was well stated by Judge Crane in Merry Realty Co. v. Shamokin & Hollis Real Estate Co., 230 N.Y. 316, 321, 130 N.E. 306, 307, wherein he said:

"Rescission and an action for damages are inconsistent remedies and cannot coexist, as one rests upon the avoidance of the contract and the other upon its affirmance. * * * When one takes legal steps to enforce a contract, this is a conclusive election not to recind. * * * The converse is also true, so that one who commences an action to rescind has made his election and cannot maintain an action on the contract."

The rule is thus stated in 12 Am.Jur. 1038: "Generally speaking, the effect of rescission is to extinguish the contract. The contract is annihilated so effectually that in contemplation of law it has never had any existence, even for the purpose of being broken. Accordingly, it has been said that a lawful rescission of an agreement puts an end to it for all purposes, not only to preclude the recovery of the contract price, but also to prevent the recovery of damages for breach of the contract. The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract. An election to rescind a contract waives the right to sue upon it. After a rescission for a breach, an action cannot be maintained on the contract for such breach. After rescission for a breach, there is no right to damages for such breach. The party rescinding may, however, have a right to restitution with respect to any performance on his part."

See, also, American Woolen Co. v. Samuelsohn, 226 N.Y. 61, 66, 123 N.E. 154, and Fulmele v. Los Angeles Investment Co., 51 Cal.App. 417, 146 P. 923.

The case here is not different in principle from that which would be presented by a suit to have a policy of insurance declared void for breach of conditions subsequent, such as was involved in Anderson v. Ætna Life Ins. Co., 4 Cir. 89 F.2d 345. It would hardly be contended that such a suit was a suit on the policy or any other chose in action or that a reinsurer of the policy would be denied access to the federal courts, under the clause of the statute in question, in a suit by him to have the policy declared void.

And the suit cannot be treated as one to recover upon an assigned chose in action merely because, upon rescission of the contracts, restoration of the consideration is asked. Plaintiff asks this, not as assignee of the contracts or of any chose in action, but because it has succeeded to the property rights of the Canadian corporation. It has brought the suit, not to enforce any contract or chose in action which it acquired from that corporation, but to rescind a contract which it acquired when it took over that corporation's business and property and to have restored to it property to which as successor of the corporation it claims to be entitled. The effect of the rescission would be to put an end to the contract for all purposes, not "to recover upon it"; and restitution would be ordered, not under the contract, but to restore to the parties what was lawfully theirs in its absence. 12 Am.Jur. 1038-1040; Logan County Bank v. Townsend, 139 U.S. 67, 11 S.Ct. 496, 35 L.Ed. 107; Chesapeake & O. Canal Co. v. Knapp, 9 Pet. 541, 565, 9 L.Ed. 222. As said by Chief Justice Taft, when Circuit Judge, in Hayes v. City of Nashville, 6 Cir., 80 F. 641, 645, "It is well settled that a technical rescission of the contract has the legal effect of entitling each of the parties to be restored to the condition in which he was before the contract was made, so far as that is possible, and that no rights accrue to either by force of the terms of the contract". In other words, the right to restitution arises to plaintiff, not out of the assignment of the contract or of any other chose in action, but because of the rescission of the contract, which entitles the plaintiff, as the transferee of the property of the Canadian corporation, to any restoration ordered. As pointed out above, the statute does not preclude a suit arising out of the ownership or possession of assigned property. Realty Holding Co. v. Donaldson, 268 U.S. 398,

402, 45 S.Ct. 521, 69 L.Ed. 1014. If an assignee of an interest in trust property is not precluded by the statute from suing therefor (Brown v. Fletcher, 235 U.S. 589, 35 S. Ct. 154, 59 L.Ed. 374), there can certainly be no reason for denying jurisdiction of a suit to rescind a contract merely because plaintiff asks restoration of funds in the hands of the opposing party, which the latter would hold as constructive trustee upon the rescission being awarded.

■ Since the second cause of action sought rescission of the contract and no recovery thereon, it should not have been dismissed. The prayer for restitution of the stock and cash received under the contract is not a prayer for recovery upon a chose in action but for equitable relief in connection with the rescission. Equity, having taken jurisdiction for the purpose of granting rescission and declaring the contract void, would proceed to grant complete relief in the premises.

■ None of the cases cited by counsel for defendant in their supplemental brief sustains their contention. Chestigreen Patents Corp. v. Western Electric Co., D.C., 16 F.Supp. 624, was a suit to enforce certain assigned contracts, not to rescind them. In Commonwealth S. S. Co. v. American Shipbuilding Co., D.C., 197 F. 780, it was held that a suit for rescission was not precluded by the statutory provision here under consideration. It is true that in that case, rescission was sought on the ground of fraud; but the determinative consideration, which applies here, was that no recovery was sought on the contract. Power & Irrigation Co. v. Bank of Woodland, D.C., 213 F. 109, affirmed 9 Cir., 226 F. 698, was an action at law to recover on claims for the payment of money. It was held that the claims sued on arose out of contract, and it was clearly intimated that a different result would have followed if the suit had been one for recovering what was due at law upon a rescission. In the later case of Menasha Wooden Ware Co. v. Southern Oregon Co., 9 Cir., 244 F. 83, the same court held that a suit on a contract implied in law for money had and received was not within the statutory provision. And the same holding was made by the 10th Circuit in Massey-Harris Harvester Co. v. Freeze, 37 F.2d 235. Professor Moore states that aspect of the rule as follows: "The phrase 'chose in action' as used in this statute does not include claims that arise from duties or promises imposed or implied by law." Moore's Federal Practice, vol. 2, p. 2034. These last authorities are pertinent here, when it is remembered that the right to have the consideration restored upon rescission of a contract arises out of a duty implied by law, not out of the contract.

The conclusion to which this brings us, that the entire controversy between plaintiff and defendant be disposed of in one suit, is a result highly desirable in the orderly and efficient administration of justice. So important, indeed, has this been deemed that jurisdiction over one cause of action has been held to confer jurisdiction as to others clearly within the inhibition of the statutory provision. Howe & Davidson v. Haugan, 7 Cir., 140 F. 182, 185; Hay v. Alexandria & W. R. Co., C.C., 20 F. 15, 26. Question may arise as to the soundness of these decisions; but whether they are sound or not we need not stop to inquire, since we are of opinion that the suit for rescission embraced within the second cause of action here was not a suit to recover upon a promissory note or other chose in action, and hence not within the interdiction of the statute.

For the reasons stated, the order appealed from, in so far as it dismisses the suit against defendant as executrix and dismisses the second cause of action, will be reversed.

Reversed.